IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HAROLD HILL and L.C. YOUNG, as )
Special Administrator of the Estate of )
Dan Young, Jr., deceased, )
 )
         Plaintiffs, ) Case No. 06 C 6772
 )
         v. )
 )
CITY OF CHICAGO, et al., )
 )
         Defendants. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiffs Harold Hill and L.C. Young, as Special Administrator of the Estate of Dan Young, Jr., deceased, seek redress under 42 U.S.C. §§1983 and 1985 for alleged violations of their constitutional rights stemming from Hill's and Dan Young's wrongful convictions. Before the Court is Defendants' Joint Motion to Dismiss Hill's Amended Complaint and Young's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Defendants also seek a more definite statement under Federal Rule of Civil Procedure 12(e). For the following reasons the Court grants in part and denies in part Defendants' motion to dismiss and denies Defendants' motion for a more definite statement.

## LEGAL STANDARDS

### I. Notice Pleading Standard

Under the federal notice pleading standards, a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P.

---

[1] On February 21, 2007, the Court granted Defendants' motion to reassign Young's case to the Court based on relatedness. (R. 62-1.)

8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 507, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz,* 534 U.S. at 512.

## II. Motion to Dismiss Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the factual sufficiency. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001); *see also Cler v. Illinois Educ. Ass'n,* 423 F.3d 726, 729 (7th Cir. 2005). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Centers v. Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (quoting *Conley,* 355 U.S. at 45-46). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *See Centers*, 398 F.3d at 333.

Although "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss [an] exception occurs where ... the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005); *but see Reiser v. Residential Funding Corp.,* 380 F.3d 1027, 1030 (7th Cir. 2004) ("because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)."); *United States v. Northern Trust Co.,* 372 F.3d

886, 888 (7th Cir. 2004) (it is "irregular" to dismiss a claim as untimely under Rule 12(b)(6)).

## BACKGROUND[2]

In the early 1990s, Chicago Police Officers arrested both Young and Hill for the rape and murder of Kathy Morgan. (R. 50-1, Hill's Am. Compl. ¶¶ 1, 10; R. 56-3, Young's Compl. ¶¶ 1, 12.) Over a decade after they were convicted and imprisoned for Morgan's murder, DNA evidence exonerated both Young and Hill. (Am. Compl. ¶ 2; Compl. ¶ 2.) Having conclusively established their innocence, their wrongful convictions were vacated in January 2005 by agreement with the Cook County State's Attorneys' Office. (Am. Compl. ¶ 2; Compl. ¶ 2.) Plaintiffs allege that the wrongful convictions were a direct result of police misconduct, including false confessions secured by means of improper coercion during police interrogations. (Am. Compl. ¶ 3; Compl. ¶ 5.) Plaintiffs bring this action against the City of Chicago and present and former Chicago Police Officers in the Violent Crimes Division at Area 3, including Kenneth Boudreau, John Halloran, James O'Brien, Jon Burge, Andrew Christopherson, Daniel McWeeny, Michael Kill, and William Paladino, as well as unknown Chicago Police Officers. (Am. Compl. ¶ 52; Compl. ¶ 76.) Plaintiffs also bring this lawsuit against Cook County Assistant State's Attorney, Mike Rogers.

## ANALYSIS

### I. Defendants' Statute of Limitations Defense

Defendants first contend that Plaintiffs' federal claims of false imprisonment (Count II), coerced confession (Counts III and IV), equal protection (Count VI), conspiracy to violate equal

---

[2] Hill's Amended Complaint and Young's Complaint contain the same eleven federal claims that are identically numbered. (*See* R. 50-1, Hill's Am. Compl.; R. 56-3 Young's Compl.) Young also alleges four additional claims under Illinois law. (*See* Young's Compl. ¶¶ 170-187.)

3

protection (Count VII), conspiracy in violation of Section 1983 (Count VIII), failure to intervene (Count X), and condition of confinement (Count XI) are time-barred.

In Section 1983 actions, federal courts sitting in Illinois borrow Illinois' two-year statute of limitations for personal injury violations. *Jogi v. Voges,* 480 F.3d 822, 836 (7th Cir. 2007); *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006) (citing 735 ILCS 5/13-202). The accrual date of a Section 1983 claim, however, is a question of federal law under which accrual occurs when a plaintiff has a "complete and present cause of action," namely, when a plaintiff "can file a suit and obtain relief." *Wallace v. Kato,* ___ U.S. __, 127 S.Ct. 1091, 1095, ___ L.Ed.2d ___ (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201, 118 S.Ct. 542, 139 L.Ed.2d 553 (1997)); *Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir. 2006).

In general, claims under Section 1983 accrue when a "plaintiff knows or should know that his or her constitutional rights have been violated." *Savory,* 469 F.3d at 672 (citation omitted). The Seventh Circuit has set forth a two-part inquiry to determine the accrual of Section 1983 claims (1) the court must first identify the injury, then (2) the court determines "the date on which the plaintiff could have sued for that injury." *Id.* (citation omitted). In determining when a Section 1983 plaintiff can sue for an injury, the Court must consider the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). "In *Heck*, the Court held that a constitutional claim that would undermine a criminal conviction if vindicated cannot be brought until the defendant's conviction is nullified." *Wallace v. City of Chicago,* 440 F.3d 421, 425 (7th Cir. 2006); *see also Ienco v. Angarone,* 429 F.3d 680, 685 (7th Cir. 2005) ("constitutional claim cannot be filed until an underlying criminal conviction is nullified where the constitutional claim, if vindicated, would undermine the

4

conviction.").

In a recent Supreme Court decision, the Court re-examined the accrual of Fourth Amendment false arrest and false imprisonment claims. *See Wallace,* 127 S.Ct. at 1095 ("the tort of false imprisonment is detention ***without legal process***") (emphasis in original). In doing so, the Supreme Court stated that the "running of the statute of limitations on false imprisonment is subject to a distinctive rule," namely, "[l]imitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." *Id.* at 1095-96. The *Wallace* Court further explained: "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held ***pursuant to such process*** – when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 1096 (emphasis in original). The *Wallace* Court limited its holding to Fourth Amendment claims: "We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 1100.

### A. False Imprisonment & Conditions of Confinement (Counts II & XI)

First, Defendants contend that Young's and Hill's false imprisonment claims under Count II and conditions of confinement claims under Count XI are time-barred based on the Supreme Court's decision in *Wallace*. Specifically, Defendants argue that Plaintiffs' Fourth Amendment claims accrued on the day the state court judge determined probable cause to detain Hill and Young on March 22, 1992, and March 23, 1992, respectively. Defendants thus assert that the two-year statute of limitations for these claims has run.

Indeed, Plaintiffs agree that "short of any basis for equitable tolling proven during discovery," the *Wallace* decision forecloses their Fourth Amendment claims in Count II and

Count XI. Plaintiffs do not allege any basis for equitable tolling and because the parties have not briefed the application of equitable tolling in relation to the Fourth Amendment, the Court need not address equitable tolling at this time. The Court thereby dismisses Counts II and Count IX without prejudice.[3]

### B. Coerced Confessions (Count IV)

In Count IV, Hill and Young allege that Defendants violated their Fifth Amendment rights by failing to provide *Miranda* warnings and consequently using their coerced confessions as evidence at trial. *See Sornberger v. City of Knoxville, Ill.,* 434 F.3d 1006, 1024 (7th Cir. 2006). Defendants argue that Plaintiffs' coerced confession claims under the Fifth Amendment are time-barred because their claims accrued at the time of the alleged coerced confessions in March of 1992.

Defendants' argument, however, conflicts with the Supreme Court's decision in *Heck*. *See Wallace,* 440 F.3d at 425 (constitutional claim cannot be brought until defendants' convictions nullified); *Ienco,* 429 F.3d at 685 ("constitutional claim cannot be filed until an underlying criminal conviction is nullified"). Here, Plaintiffs' criminal convictions were vacated in January of 2005. Accordingly, their coerced confessions claims accrued less than two years ago, and thus Count IV is timely.

### C. Equal Protection Claim (Counts VI & VII)

Hill and Young also bring equal protection claims pursuant to Section 1983 in Count VI and Section 1985 equal protection claims in Count VII. Viewing the pleadings in a light most

---

[3] Plaintiffs also agree to voluntarily dismiss Count III (Fourteenth Amendment), Count V (Sixth Amendment), and Count IX (Denial of Access to Courts). Plaintiffs assert that if discovery "bears out timely claims along these lines," they will seek leave to reinstate these claims. Therefore, the Court dismisses these three claims without prejudice.

favorable to Plaintiffs, *see Centers*, 398 F.3d at 333, Plaintiffs allege that Defendants deprived minority criminal suspects equal protection of the laws by withholding *Brady* materials and coercing confessions. (*See* Am. Compl. ¶ 121; Compl. ¶ 138.) Because these underlying due process and Fifth Amendment claims are not time-barred, Plaintiffs' equal protection claims are also timely. *See Walden v. City of Chicago*, 391 F.Supp.2d 660, 678 (N.D. Ill. 2005). Any underlying constitutional claims that are time-barred, however, cannot form the basis for Plaintiffs' equal protection claims. *See id.*; *see also Wallace,* 127 S.Ct. at 1095-96. Therefore, the Court denies Defendants' motion to dismiss Counts VI and VII in which Plaintiffs rely on timely claims. The Court grants Defendants' motion to dismiss regarding any time-barred claims.

### D.     Section 1983 Conspiracy & Failure to Intervene Claims (Counts VIII & X)

Under Count VIII, Plaintiffs allege a Section 1983 conspiracy claim and in Count X they allege a failure to intervene claim. Again, Defendants do not reference the Supreme Court's decision in *Heck*, but instead argue that Plaintiffs' conspiracy and failure to intervene claims accrued at the time of their arrests and interrogations in March of 1992. More specifically, Defendants argue that because Plaintiffs knew of the failure of officers to intervene and the facts underlying their conspiracy claims in March of 1992, these claims are time-barred.

Plaintiffs, however, contend that their Section 1983 conspiracy claim consists of their timely constitutional violations under the due process clause and Fifth Amendment, as discussed above. Indeed, the "timeliness analysis used to address the accrual of each of the constitutional violations that make up the conspiracy therefore also applies to the conspiracy based on those acts." *Hobley v. Burge,* No. 03 C 3678, 2004 WL 1243929, at *8 (N.D. Ill. June 3, 2004). Because Plaintiffs' due process and coerced confession claims are timely, their conspiracy

claims based on these alleged constitutional deprivations are also timely. *See id.*

The same reasoning applies to Plaintiffs' claim against the officers who failed to intervene or prevent other police officers from depriving Plaintiffs of their constitutional rights. *See Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."). In fact, Plaintiffs acknowledge that their untimely constitutional claims cannot form the basis for this claim. Plaintiffs' constitutional claims that are timely, however, support their failure to intervene claim. *See Hobley v. Burge,* No. 03 C 3678, 2004 WL 2658075, at *6 (N.D. Ill. Oct. 13, 2004) (failure to intervene claim encompassed timely actions, and thus survived motion to dismiss). Therefore, the Court grants in part and denies in part Defendants' motion to dismiss Plaintiffs' Section 1983 conspiracy and failure to intervene claims.

### E. Young's State Law Claims (Counts XII, XIII & XV)

Young also alleges four state law claims, three of which Defendants contend are time-barred. Defendants argue that Young's false imprisonment claim (Count XII), intentional infliction of emotional distress claim (Count XIV), and civil conspiracy claim (Count XV) are untimely because the one year statute of limitations under the Illinois Local Government and Governmental Employees Tort Immunity Act applies. Section 8-101 of the Illinois Tort Immunity Act provides for a one year statute of limitations for personal injuries caused by a local public entity or its employees acting within the scope of their employment. *Sperandeo v. Zavitz,* 365 Ill.App.3d 691, 693, 302 Ill.Dec. 957, 850 N.E.2d 394 (2006); *Luciano v. Waubonsee Cmty. Coll.*, 245 Ill.App.3d 1077, 1086, 185 Ill.Dec. 463, 614 N.E.2d 904 (1993) ("allegations of wilful and wanton conduct do not deprive a local public entity and its employees of the benefit of the shorter limitations period provided in section 8-101.").

Young does not dispute that the Tort Immunity Act's one year limitation period applies. Instead, Young maintains that the standard under *Heck* applies to his state law claims. Young's argument fails because *Heck* only applies to federal civil rights claims and not claims based on Illinois law. *See Gauger v. Hendle,* 349 F.3d 354, 362 (7th Cir. 2003) (Illinois courts not bound by *Heck*), *rev'd on other grounds*, *Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006).

### 1. False Imprisonment (Count XII)

In Count XII of his Complaint, Young alleges a common law tort claim of false imprisonment. Under Illinois law, personal injury claims accrue when the plaintiff suffers an injury. *Hollander v. Brown,* 457 F.3d 688, 692 (7th Cir. 2006). "To alleviate the harshness that would flow from literal application of this general principle, Illinois courts also recognize a 'discovery rule.'" *Id.* (citing *Parks v. Kownacki,* 193 Ill.2d 164, 249 Ill.Dec. 897, 737 N.E.2d 287, 294 (2000)). The discovery rule postpones "the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Hollander,* 457 F.3d at 692 (quoting *Golla v. General Motors Corp.,* 167 Ill.2d 353, 212 Ill.Dec. 549, 657 N.E.2d 894, 898 (1995)).

Because Defendants arrested Young in March 1992, Young knew or reasonably should have known "that he has been injured and that his injury was wrongfully caused" at that time. *See Hollander,* 457 F.3d at 692. Young's false imprisonment claim has been time-barred since March of 1993 under the Illinois Tort Immunity Act. The Court thus dismisses Young's false imprisonment claim and any claim of respondeat superior against the City based on that claim. *See Stobinske-Sawyer v. Village of Alsip,* 188 F.Supp.2d 915, 921 (N.D. Ill. 2002).

### 2. Intentional Infliction of Emotional Distress (Count XIV)

In Illinois, the tort of intentional infliction of emotional distress ("IIED") is considered a

9

"continuing tort" which "accrues, and the statute of limitations begins to run, at the time the last injurious act occurs or the conduct is abated." *Feltmeier v. Feltmeier,* 207 Ill.2d 263, 285, 278 Ill.Dec. 228, 798 N.E.2d 75 (2003). "The doctrine of continuing violation, as the Illinois Supreme Court has held, 'does not involve tolling the statute of limitations because of delayed or continuing injuries, but instead involves viewing the defendant's conduct as a continuous whole for prescriptive purposes.'" *Evans v. City of Chicago,* 434 F.3d 916, 934 (7th Cir. 2006) (quoting *Feltmeier*, 207 Ill.2d at 279). Thus, "the statute of limitations is only held in abeyance until the date of the last injury suffered or when the tortious acts cease." *Evans,* 434 F.3d at 934 (quoting *Feltmeier*, 207 Ill.2d at 284).

Young alleges that Defendants' actions in procuring his conviction, life sentence, and imprisonment for crimes that he did not commit caused him injury, including nightmares, sleep disruption, symptoms of post traumatic stress disorder, depression, and an inability to concentrate. (*See* Compl. ¶¶ 180, 182.) Viewing Young's Complaint in his favor, Young's allegations may support a continuing tort theory which would place his claims within the statute of limitations period. Thus, Young's allegations do not definitively establish that his IIED claim is time-barred. *See Lewis,* 411 F.3d at 842 (complaint must plainly reveal that action is untimely to dismiss claim); *see also Reiser,* 380 F.3d at 1030 ("because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)."). As such, the Court denies Defendants' motion to dismiss Young's IIED claim.

### 3. Civil Conspiracy (Count XV)

Young also alleges a civil conspiracy claim under Illinois law, which requires a showing of "(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the

furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Time Savers, Inc. v. LaSalle Bank, N.A.,* ___ Ill.App.3d ___, ___ Ill.Dec. ___, 863 N.E.2d 1156, 1167 (2007) (quoting *Fritz v. Johnston,* 209 Ill.2d 302, 317, 282 Ill.Dec. 837, 807 N.E.2d 461 (2004)). In his Complaint, Young alleges that his underlying false imprisonment, malicious prosecution, and IIED claims are the basis of his conspiracy claim. (*See* Compl. ¶ 185.) Although Young's false imprisonment claim is time-barred, his IIED claim may be timely and it is undisputed that his malicious prosecution claim is timely. *See Ferguson v. City of Chicago,* 213 Ill.2d 94, 99, 289 Ill.Dec. 679, 820 N.E.2d 455 (2004) ("A cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor."). As such, Young's conspiracy claim based on his timely state law claims is also timely. The Court thus grants Defendants' motion to dismiss Young's civil conspiracy claim based on his untimely false imprisonment claim, but denies Defendants' motion as to Young's timely claims.

## II.     Failure to State a Claim[4]

Next, Defendants contend that Plaintiffs failed to properly allege their due process claims in Count I and that Plaintiff Hill failed to state a claim against Defendant Burge under the theory of supervisory liability. Under the federal notice pleading standards, "complaints need not set out either legal theories or comprehensive factual narratives." *Rapid Test Products, Inc. v. Durham Sch. Servs., Inc.,* 460 F.3d 859, 860 (7th Cir. 2006); *see also Simpson v. Nickel,* 450 F.3d 303, 305 (7th Cir. 2006) ("One pleads 'claims' (which is to say, grievances)

---

[4] Defendants' argument concerning their testimonial immunity is premature at this procedural posture, especially because the parties' briefing on this issue is incomplete. The Court notes, however, that absolute testimonial immunity does not attach to the officers' actions outside of trial. *See Ienco v. City of Chicago,* 286 F.3d 994, 1000 (7th Cir. 2002).

rather than legal theories and factual specifics."). Instead, "[i]t is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate." *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006).

### A. Due Process (Count I)

Defendants attack Plaintiffs' due process claims in Count I arguing that under established Seventh Circuit case law, a plaintiff cannot recover damages on a theory that the police withheld details of an interrogation to which the plaintiff was personally subject, including truthful versions of the plaintiff's statements. *See Gauger*, 349 F.3d at 360; *see also Sornberger,* 434 F.3d at 1027-29. Plaintiffs agree that this is the controlling law in the Seventh Circuit and that their due process claims in Count I are nonetheless viable because they are based on other exculpatory evidence, such as fabricated reports. *See Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Newsome v. McCabe,* 256 F.3d 747, 752 (7th Cir. 2001). The Court agrees.

Indeed, under Rule 8(a)(2), Plaintiffs need only allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, Plaintiffs have done just that – alleging that Defendants "deliberately withheld exculpatory evidence as well as fabricated false reports and other evidence, thereby misleading and misdirecting the criminal prosecution of the Plaintiff." (*See* Am. Compl. ¶ 87; Compl. ¶ 104.) Therefore, the Court denies Defendants' motion to dismiss Count I.

### B. Defendant Burge

Defendants also argue that Plaintiff Harold Hill has failed to state a claim against Defendant Burge under the theory of supervisory liability, and thus, the Court should dismiss

Burge from this action.[5]  Defendants specifically argue that because Burge was on suspension from the Chicago Police Department at the time of Hill's alleged constitutional deprivations, Hill cannot establish Burge's personal involvement in the deprivation of his constitutional rights.  *See Hildebrandt v. Illinois Dep't of Natural Res.,* 347 F.3d 1014, 1039 (7th Cir. 2003).  Supervisors satisfy the personal responsibility requirement if the conduct causing the constitutional violation occurred at the supervisor's direction or with his knowledge and consent.  *See id.*; *Johnson v. Snyder*, 444 F.3d 579, 583-845 (7th Cir. 2006) (to be personally responsible, a supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.") (citation omitted).

In his Amended Complaint, Hill alleges that Commander Burge supervised the Defendant police officers and that Burge had been transferred to Area 3 from Area 2 in 1988. (Am. Compl. ¶¶ 53, 70.)  Hill also alleges that Burge directly supervised the investigation into the Morgan homicide until Burge's suspension in 1991.  (*Id.* ¶ 73.)  Although complaints need not allege factual details or legal arguments, "litigants may plead themselves out of court by alleging facts that defeat recovery."  *Doe v. Smith,* 429 F.3d 706, 708 (7th Cir. 2005).  Here, Hill's admission that Burge was suspended in 1991 prior to his arrest defeats Hill's claims against Burge.  Because Burge was not a supervisor of Defendant police officers at the time of Hill's alleged constitutional deprivations, there is no set of facts that could support Hill's claim against Burge based on his supervision of the officers.  *See Centers,* 398 F.3d at 933.  Thus, the Court dismisses Defendant Burge from this action.

---

[5] Young has already voluntarily dismissed his claims against Defendant Burge.

**III.    Motion for a More Definite Statement**

Finally, Defendants bring a motion for a more definite statement under Rule 12(e) which states in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e).  Rule 12(e) "is designed to strike at unintelligibility rather than want of detail."  *Flentye v. Kathrein*, ___ F.Supp.2d ___, No.  06 C 3492, 2007 WL 1175576, at *3 (N.D. Ill. April 18, 2007) (citations omitted).  "If the pleading meets the requirements of Rule 8 ... and fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement should not be granted."  *Id.* (citations omitted); *see also Direct Commc'ns, Inc. v. Horizon Retail Const., Inc.,* 387 F.Supp.2d 828, 831 (N.D. Ill. 2005) (Rule 12(e) motion is intended to eliminate confusion, not replace discovery).

Defendants argue that because Plaintiffs must establish each individual defendants' personal involvement in the deprivation of their constitutional rights, *see Hildebrandt,* 347 F.3d at 1039, Plaintiffs must set forth specific allegations against all named Defendants.  As discussed above, however, under the federal notice pleading standards complaints need not set forth comprehensive factual narratives.  *See Rapid Test Products, Inc.,* 460 F.3d at 860; *see also Doe v. Smith* 429 F.3d at 708 ("Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later.").  Here, Plaintiffs have set forth sufficient facts to put Defendants on notice of their claims and the grounds upon which such claims rest.  *See Conley v. Gibson,* 355 U.S. at 47.  Meanwhile, Plaintiffs have not plead themselves out of court as discussed above.

14

Under the circumstances, a more definite statement of facts is unnecessary because Plaintiffs' allegations are not so vague or ambiguous that Defendants cannot reasonably frame a responsive pleading. *See McDorman v. Smith,* 437 F.Supp.2d 768, 779-80 (N.D. Ill. 2006). Therefore, the Court, in its discretion, denies Defendants' Rule 12(e) motion.

## **CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss. The Court denies Defendants' Motion for a More Definite Statement.

Dated: May 10, 2007

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**