**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| L.C. YOUNG, as Special Administrator of the Estate of Dan Young, Jr., deceased, ) ) ) Plaintiff, ) ) v. ) ) Assistant Cook County State's Attorney ) MICHAEL ROGERS, ) ) Defendant. ) | Case No. 06 C 6772 |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

In his seven-count First Amended Complaint, Plaintiff L.C. Young ("Plaintiff"), the Special Administrator of the Estate of Dan Young, Jr. ("Young"), brings claims under 42 U.S.C. § 1983 for violations of Young's constitutional rights and state law stemming from Young's wrongful conviction. Before the Court is Defendant Cook County Assistant State's Attorney Michael Rogers' ("Rogers") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court grants Rogers' motion.

**BACKGROUND**

**I.     Parties**

In March 1992, Rogers was a Cook County Assistant State's Attorney in the felony review unit. (R. 227-1, Def.'s Rule 56.1 Stmt. Facts ¶ 6.) On March 22, 1992, the police arrested Young for the kidnapping, rape, and murder of Kathy Morgan and the burning of the building in which these crimes occurred. (*Id.* ¶ 8.) In September 1994, a jury found Young and his co-defendant, Harold Hill, guilty of first degree murder, aggravated criminal sexual assault,

aggravated kidnapping, and arson. (*Id*.) After being exonerated by forensic evidence, Young's wrongful conviction was vacated in January 2005 by agreement with the Cook County State's Attorneys' Office. (R. 258-1, First Amend. Compl. ¶¶ 4, 5.) On April 27, 2006, Young was killed by a hit and run driver. (*Id*. ¶ 8.) Plaintiff L.C. Young is the Special Administrator of Young's Estate. (Def.'s Stmt. Facts ¶ 10.)

## II.     Plaintiff's Claims

In this lawsuit, Plaintiff contends that certain Chicago Police Detectives, along with Rogers, coercively interrogated Young and ultimately fabricated Young's confession to Morgan's kidnapping, rape, and murder. (*Id*. ¶ 11; First Amend. Compl. ¶ 3.) On October 27, 2008, Plaintiff filed a First Amended Complaint bringing the following claims against Rogers: (1) a due process claim based on Young's right to a fair trial; (2) a federal conspiracy claim; (3) a federal denial of access to courts claim; (4) a state law malicious prosecution claim; (5) a state law intentional infliction of emotional distress claim; (6) an Illinois conspiracy claim; and (7) a state law negligence claim.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving

party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

## ANALYSIS

**I.    Absolute Prosecutorial Immunity**

Rogers first contends that Plaintiff's constitutional claims pursuant to Section 1983 and his Illinois state law claims must fail based on absolute prosecutorial immunity. Prosecutors are protected by absolute immunity from liability in Section 1983 actions for core prosecutorial functions, such as commencing a criminal prosecution. *See Levy v. Pappas,* 510 F.3d 755, 764 (7th Cir. 2007) (citing *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). More specifically, a "prosecutor is shielded by absolute immunity when he acts 'as an advocate for the State' but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings." *Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2003) (citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)). The Supreme Court instructs that when "determining whether particular actions of government officials fit within a common-law tradition of absolute immunity, or only the more general standard of qualified immunity, [courts] have applied a 'functional approach,'" looking to "the nature of the function performed, not the identity of the actor who performed it." *Buckley,* 509 U.S. at 269 (internal citations omitted). Thus, a prosecutor involved in a conspiracy to target a

3

criminal suspect is not protected by absolute immunity, *see Johnson v. Dossey,* 515 F.3d 778, 783 (7th Cir. 2008), nor is a prosecutor who fabricates evidence. *See Buckley,* 509 U.S. at 274-75. Based on the *Buckley* and *Imbler* decisions, Illinois courts recognize the doctrine of absolute prosecutorial immunity as applied to state law causes of action. *See White v. City of Chicago,* 369 Ill.App.3d 765, 769, 308 Ill.Dec. 518, 861 N.E.2d 1083 (Ill.App.Ct. 2006).

Here, Plaintiff asserts that Rogers took part in investigating Young as a suspect, and thus absolute immunity does not apply under the circumstances. In support of his argument, Plaintiff sets forth Rogers' testimony at the suppression hearing in which Rogers admitted that he assisted in the investigation of the kidnaping, rape, and murder of Morgan prior to Young giving his confession. (Pl.'s Stmt. Facts ¶ 1; Def.'s Ex. M, H'rg Tr., at 129-31.) Plaintiff also presents evidence that Rogers, along with certain police officers, interviewed Young before Young had been charged. (*Id.* ¶ 16; Defs.' Ex. K, Christophersen Dep., at 130.) Viewing these facts and all reasonable inferences in Plaintiff's favor, Rogers is not entitled to summary judgment on the basis of absolute immunity for his conduct while investigating Young's role in the Morgan kidnapping, rape, and murder.

## II. Qualified Immunity

In the alternative, Rogers argues that he is entitled to qualified immunity as to Young's constitutional claims. Qualified immunity shields government officers performing discretionary functions from civil litigation. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). When determining whether qualified immunity shields a public official from a Section 1983 action, the Court undertakes a two-part inquiry. *See Mannoia v. Farrow,* 476 F.3d 453, 457 (7th Cir. 2007) (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151,

150 L.Ed.2d 272 (2001)). The Court's first inquiry is whether the facts, viewed in the light most favorable to Plaintiff, show that Rogers' conduct violated a constitutional right. *See id.*; *see also Carvajal v. Dominguez,* 542 F.3d 561, 566 (7th Cir. 2008). If the facts comprise a constitutional violation, the Court's second inquiry is whether the constitutional right "was firmly established at the time of the alleged injury, such that a reasonable officer would understand that his actions are in violation of that right." *Mannoia,* 476 F.3d at 457 (citing *Saucier*, 533 U.S. at 201).

Here, Plaintiff asserts that Rogers violated Young's constitutional right to a fair trial by coercing and fabricating Young's confession. *See Dominguez v. Hendley,* 545 F.3d 585, 588 (7th Cir. 2008) (plaintiff has due process right to be free from tampered or manipulated evidence); *see also Giglio v. United States,* 405 U.S. 150, 153, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (government's knowing use of false testimony violates due process). Plaintiff specifically argues that Rogers provided Harold Hill with the material details of his confession to the Morgan kidnapping, rape, and murder. Plaintiff relies on the facts surrounding Hill's allegedly coerced and fabricated confession to support the argument that Rogers likewise fabricated Young's confession.[1] Even if these allegations concerning Hill's confession are true, Plaintiff cannot rely on these facts to raise a genuine issue of material fact that Rogers fabricated Young's confession without setting forth sufficient evidence about Rogers' conduct in relation to Young.

Although both parties criticize each other's Northern District of Illinois Local Rule 56.1 Statements of Fact, Plaintiff's Rule 56.1(b)(3)(C) Statement of Additional Facts fails to meet the

---

[1] Whether Rogers fabricated Hill's confession is the subject of another summary judgment motion in this matter because the Court granted Plaintiff's motion to bifurcate his case from Harold Hill's case on March 17, 2008. (R. 193-1.)

Local Rule requirements. Plaintiff, for example, takes testimony out of context in setting forth his facts and often cites to parts of the record that do not support his proposed facts. Moreover, many of Plaintiff's statements are speculative, argumentative, or based on hearsay. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 382 (7th Cir. 2008) ("evidence supporting a factual assertion must represent admissible evidence."); *Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) (Rule 56.1 statements that contain "irrelevant information, legal arguments, and conjecture" do not comply with Local Rules). Although the Seventh Circuit repeatedly warns litigants that courts will not scour the record to locate evidence to support a party's legal argument, Plaintiff's Rule 56.1 statements and responses forced the Court to exhaustively search the record to ascertain the relevant facts in support of his claims. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) ("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies."). With this in mind, the Court turns to whether Plaintiff has set forth sufficient evidence to create a genuine issue of material fact concerning his constitutional claims.

In response to Rogers' summary judgment motion, Plaintiff presents Young's criminal trial testimony in which he stated that he was arrested by the police and placed in a small room, after which police officers kicked him, hit him in the stomach, and tore his coat. (Pl.'s Stmt. Facts ¶ 12; Pl.'s Ex. A, Trial Tr., at 14-18.) Young also testified that the police officers threatened to jump him if he did not sign the handwritten confession. (*Id.*, Ex. A, at 18.) Moreover, Young stated that he could not read and could only write his name and it is undisputed that Rogers reduced Young's statement to writing. (*Id.* ¶ 13; R. 289-1, Def.'s Resp.

6

Rule 56.1 Stmt. ¶ 24.) Furthermore, Young testified that the police lied to him and that it was a mistake for him to sign his confession because he did not murder anyone. (Ex. A, Trial Tr., at 16-17, 23-24.) Young, however, also testified that he did not remember Rogers being there that night. (Ex. A, Trial Tr., at 24.) In fact, Young never testified that Rogers forced him to do anything or that Rogers created or fabricated his confession – although Young acknowledged that his statement was not in his own handwriting. (Ex. A, Trial Tr., at 16-17.) Construing these facts and all reasonable inferences in Plaintiff's favor, the Court would be hard-pressed to conclude that Rogers coerced and fabricated Young's confession based on the police officers' conduct and Rogers' admission simply that he reduced Young's confession to writing.

In addition, Plaintiff argues that he has "absolute proof that ASA Rogers fabricated the statements" because both Hill's and Young's separate confessions identified Pete Williams – who was incarcerated on the same day as the Morgan murder – as another perpetrator of the Morgan kidnapping, rape, and murder. There is no evidence in the record, however, that Rogers knew Williams was incarcerated on that date. Concluding that this similarity creates a material issue of fact that Rogers fabricated Young's confession is asking the Court to make an inference that it is not justifiable because it is speculative – especially in light of the lack of evidence of Rogers' conduct in relation to Young on the night in question. *See Rockwell Automation, Inc. v. National Union Fire Ins. Co. of Pittsburgh,* 544 F.3d 752, 757 (7th Cir. 2008) (courts "are not required to draw every conceivable inference from the record, and mere speculation or conjecture will not defeat a summary judgment motion.") (citation omitted). As discussed, the remainder of Plaintiff's Rule 56.1 Statement of Facts that he argues support his due process claim are speculative, argumentative, or not supported by the record. *See Cichon v. Exelon*

*Generation Co., L.L.C.* 401 F.3d 803, 809-10 (7th Cir. 2005) ("A district court does not abuse its discretion when, in imposing a penalty for a litigant's non-compliance with Local Rule 56.1, the court chooses to ignore and not consider the additional facts that a litigant has proposed").[2]

Viewing the facts and all reasonable inferences in a light most favorable to Plaintiff, Plaintiff has failed to set "forth specific facts showing that there is a genuine issue for trial" that Rogers violated Young's right to due process by coercing and fabricating Young's confession. *See Carvajal*, 542 F.3d at 566; Fed R. Civ. P. 56(e). Because Plaintiff's federal conspiracy and access to courts claims are dependent on his due process claim, these claims fail as well. *See Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (right to access courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"); *Woodruff v. Mason,* 542 F.3d 545, 550 n.5 (7th Cir. 2008) (civil conspiracy claims rise and fall with constitutional claims). Given that Plaintiff cannot raise a genuine issue of material fact that Rogers' conduct violated Young's constitutional rights, Rogers is entitled to qualified immunity as to Plaintiff's constitutional claims. Therefore, the Court grants Rogers' summary judgment motion as to Counts I, II, and III of the First Amended Complaint.

## III.  Eleventh Amendment Sovereign Immunity

Next, Rogers maintains that sovereign immunity bars Plaintiff's state law claims against him. In general, the Eleventh Amendment "bars actions in federal court against a state, state

---

[2] Plaintiff, for example, argues that Young's, Hill's, and Williams' confessions are identical in all material aspects, yet fails to develop this argument. *See Argyropoulos v. City of Alton,* 539 F.3d 724, 739 (7th Cir. 2008) (undeveloped argument constitutes waiver). Equally important, Plaintiff bases this argument on a speculative statement of fact that is not supported by the record. (*See* Pl.'s Stmt. Facts ¶ 19.)

agencies, or state officials acting in their official capacities." *Peirick v. IUPUI Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). Here, Rogers maintains that he is immune from Plaintiff's state law claims based on the Illinois State Lawsuit Immunity Act, 745 ILCS 5/1, which provides that the State of Illinois and its officials are immune from suit with certain exceptions. *See Richman v. Shehan,* 270 F.3d 430, 441 (7th Cir. 2001); *see also McGrath v. Gillis,* 44 F.3d 567, 571 (7th Cir. 1995) (pursuant to Illinois law, states' attorneys are state officials). "Under Illinois law, a claim against individual officers will be considered a claim against the state, even when, as here, the officials are sued in their individual capacities, if 'judgment for the plaintiff could operate to control the actions of the State or subject it to liability.'" *Richmond,* 270 F.3d at 441 (citing *Currie v. Lao,* 148 Ill.2d 151, 170 Ill.Dec. 297, 592 N.E.2d 977, 980 (Ill. 1992); *Feldman v. Ho,* 171 F.3d 494, 498 (7th Cir. 1999)). As the *Feldman* decision explains, "Illinois treats the state as the real party in interest, provides the public official with absolute immunity, and channels any litigation to the Illinois Court of Claims with the state as the defendant, whenever judgment for the plaintiff would control the state's actions." *Feldman,* 171 F.3d at 498. "Sovereign immunity affords no protection, however, when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority." *Richman,* 270 F.3d at 441 (quoting *Nichol v. Stass,* 192 Ill.2d 233, 248 Ill. Dec. 931, 735 N.E.2d 582, 586 (Ill. 2000)); *see also Loman v. Freeman,* 229 Ill.2d 104, 140, 321 Ill.Dec. 724, 890 N.E.2d 446 (Ill. 2008) (same).

Plaintiff argues that Rogers violated Young's constitutional rights, and thus was acting in excess of his authority. As discussed above, Plaintiff has failed to present sufficient evidence raising a genuine issue of material fact that Rogers violated Young's constitutional rights or

9

exceeded his authority as a Cook County Assistant States' Attorney. Because Rogers is protected by sovereign immunity, Plaintiff's state law claims are barred. The Court thus grants Rogers' motion for summary judgment as to Counts IV, V, VI, and VII of the First Amended Complaint.

## CONCLUSION

For these reasons, the Court grants Defendant's Motion for Summary Judgment. The Court denies Defendant's Motion to Bar Reports and Opinions as moot.

**Dated:** December 15, 2008

                           **ENTERED**

                           _____
                           **AMY J. ST. EVE**
                           **United States District Court Judge**