# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6772 | **DATE** | 1/31/2011 |
| **CASE TITLE** | Hill vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion to compel and modify the protective order [394] without prejudice.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     After the Illinois State Police provided Combined DNA Index System ("CODIS") associations to the Chicago Police Department in relation to the October 14, 1990 Kathy Morgan murder, the Chicago Police Department's cold case unit began conducting an open and active investigation into the Morgan murder in late 2010. On November 23, 2010, Plaintiff Harold Hill filed the present sealed motion to compel Defendant City of Chicago to turn over the area files of the renewed murder investigation and the identities of the persons of interest, as well as to modify the protective order to permit disclosure of these files to other law enforcement entities. After reviewing the area files in camera, the Court held an ex parte hearing on January 28, 2011. The Chicago Police Detective assigned to the Morgan cold case investigation was present at the hearing and answered the Court's questions. For the following reasons, the Court, in its discretion, denies Plaintiff's motion without prejudice.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

The federal discovery rules are liberal in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("the scope of discovery should be broad in order to aid in the search for truth"). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish,* 235 F.R.D. at 450. In the context of motions to compel, the Seventh Circuit instructs that a "district court may grant or deny the motion in whole or in part, and similar to ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996). As with all discovery matters, district courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police Dept.,* 535 F.2d 621, 629 (7th Cir. 2008); *see also Dellwood Farms, Inc. v. Cargill, Inc.,* 128 F.3d 1122, 1125 (7th Cir. 1997) (whether law enforcement investigatory privilege applies is "confided to the discretion of the district judge").

## ANALYSIS

In response to Plaintiff's motion to compel, the City asserts the law enforcement investigatory privilege in relation to the area files and identities of the two individuals whom the Chicago police now consider persons of interest in the investigation of the 1990 Morgan murder. "The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dept. of Investigation of City of New York,* 856 F.2d 481, 484 (2d Cir. 1988). As the Seventh Circuit recognizes, "the government has an interest in maintaining the confidentiality of files containing sensitive information regarding on-going investigations," but "this interest will not always trump the interest of the opposing party." *Peate v. McCann,* 294 F.3d 879, 885 (7th Cir. 2002). In other words, the "law enforcement investigatory privilege is not absolute. It can be overridden in appropriate cases by the need for the privileged materials." *Dellwood Farms,* 128 F.3d at 1125. As the Seventh Circuit teaches, the "balancing of that need – the need of the litigant who is seeking privileged investigative materials – against the harm to the government if the privilege is lifted is a particularistic and judgmental task." *Id.* Moreover, there is a strong presumption against lifting the privilege when there is an ongoing criminal investigation. *See id.* at 1125; *see also In re The City of New York,* 607 F.3d 923, 939 (2d Cir. 2010).

After the parties briefed this motion, the Court directed the City to produce the relevant area files for an in camera inspection. The vast majority of the cold case area files contain documents and reports that Defendants have already produced in this matter concerning the 1990 murder. The file also contains recently acquired information regarding the two persons of interest related to the relevant CODIS associations of September 28, 2010 and November 11, 2010. The file further reveals that the Chicago Police Department's cold case unit is conducting an ongoing and active investigation into the 1990 Morgan murder and that the Chicago Police Detective in charge of this new investigation is not one of the Defendant Officers in this lawsuit. The Detective also confirmed that none of the Defendant Officers in this suit are involved in the current investigation.

In support of his motion to compel, Plaintiff maintains that because Defendants have consistently argued that he is guilty of the Morgan murder – even after DNA evidence exonerated him and the Cook County State's Attorney's Office vacated his conviction – the identity of the persons of interest and the related files are highly relevant and discoverable. Indeed, as long as Defendants continue to argue that Plaintiff is guilty of the Morgan

murder, the fact that the cold case unit is conducting a renewed investigation into the Morgan murder is highly relevant. That being said, the Court must also weigh the City's interest in keeping this ongoing, active criminal investigation file confidential. Faced with the strong presumption against lifting the privilege, Plaintiff's need for identity of the persons of interest and the area file in this civil matter do not outweigh the City's interest in keeping this ongoing, active criminal investigation confidential to prevent any harm from public disclosure of the content of the investigation. Moreover, the Court rejects Plaintiff's request that these materials be turned over for "attorney's eyes only" because accidental disclosure of any details of the ongoing investigation and the identities of the persons of interest could lead to serious public safety issues. *See In re The City of New York,* 607 F.3d at 936. The present ruling, however, does not limit Plaintiff from presenting evidence to the jury of the fact that an ongoing, active criminal investigation into the Morgan murder exists – an evidentiary issue best addressed in the parties' motions in limine.

The Court also rejects Plaintiff's request that the ongoing criminal investigation files of the Morgan murder be turned over to the FBI. The FBI has not made any such request for these files. As the *Dellwood* decision explains, it is not the role of the courts to be actively involved in criminal investigations because "the United States places the control of such investigations firmly in the executive branch, subject only to such limited judicial intervention as may be necessary to secure constitutional and other recognized legal rights of suspects and defendants." *See id.* at 1125. Simply put, the Court will not mediate between the present civil litigation and the government's conduct in its criminal investigation. *See id.*

Finally, Plaintiff's argument that the City waived its law enforcement investigatory privilege by filing its response brief in the public record, as opposed to filing it under seal, is without merit because the City did not reveal the actual area files or identities of the persons of interest, but merely the fact that there is an ongoing investigation into the Morgan murder. As discussed, the fact that there is an ongoing investigation may very well be admissible evidence at trial. Because the City did not voluntarily disclose the materials to which it is asserting the privilege by filing its response brief on the public docket, the City did not waive its privilege. *See Dellwood,* 128 F.3d at 1126.