# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6772 | **DATE** | 5/24/2011 |
| **CASE TITLE** | Hill vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' motion in limine to bar expert testimony regarding post-conviction DNA testing [421].

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Harold Hill asserts that Defendants coercively interrogated him resulting in his false confession in violation of his Fifth Amendment right against self-incrimination. *See Chavez v. Martinez,* 538 U.S. 760, 767, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003) (plurality opinion); *Sornberger v. City of Knoxville,* 434 F.3d 1006, 1024 (7th Cir. 2006). In the present in limine motion to bar expert testimony regarding post-conviction DNA testing, Defendants Boudreau and Halloran maintain that the results of the DNA testing that resulted in Hill's conviction being vacated and the State dropping the charges against him are not relevant to Hill's Fifth Amendment coerced confession claim. For the following reasons, the Court, in its discretion, denies Defendants' motion. *See United States v. Taylor,* 604 F.3d 1011, 1014 (7th Cir. 2010) (district court has "broad discretion to assess the relevancy of proffered evidence."); *see also United States v. Gorman,* 613 F.3d 711, 720 (7th Cir. 2010) (court's balancing of probative value and prejudice is a highly discretionary assessment).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

In support of their argument, Defendants rely on a 1970 Seventh Circuit case, *Kerr v. City of Chicago,* 424 F.2d 1134 (7th Cir. 1970), for the proposition that the issue of guilt or innocence is irrelevant to a civil rights coerced confession claim. *See id.* at 1137-39. In *Kerr*, the plaintiff alleged that his rights were violated by the police obtaining an involuntary confession. *See id*. at 1138. Plaintiff tendered the following jury instruction that the district court rejected:

> In this case you are to determine whether the defendants, or any of them, violated the plaintiff's civil rights. Whether the plaintiff was guilty of a crime at the time of the occurrences testified to in this proceeding is entirely irrelevant and is not to be considered by you in any way in reaching your verdict in this case. An indictment for a crime by a grand jury is nothing more than an accusation of such crime and is not to be considered as being any evidence that plaintiff committed any such crime

*Id.* at 1139. The Seventh Circuit concluded that the district court's failure to give this instruction was in error because without this instruction, the jury was able to speculate as to plaintiff's guilt or innocence when determining the defendants' liability. *See id.* The *Kerr* court reasoned that "in a civil rights action alleging the extraction of an involuntary confession, the issue of guilt or innocence is irrelevant and the jury must not be confused. The above instructions are directly in point and the failure to give them was error." *Id*. In making this determination, the court was reiterating the well-established principle that the Fifth Amendment protects both the guilty and innocent from being coerced into confessing. *See Ohio v. Reiner,* 532 U.S. 17, 18, 121 S.Ct. 1252, 149 L.Ed.2d 158 (2001) (per curiam) ("Fifth Amendment privilege against self-incrimination ... protects the innocent as well as the guilty"). As the Supreme Court articulates:

> Our forefathers, when they wrote this provision into the Fifth Amendment of the Constitution, had in mind a lot of history which has been largely forgotten to-day.
> They made a judgment, and expressed it in our fundamental law, that it were better for an occasional crime to go unpunished than that the prosecution should be free to build up a criminal case, in whole or in part, with the assistance of enforced disclosures by the accused. The privilege against self-incrimination serves as a protection to the innocent as well as to the guilty, and we have been admonished that it should be given a liberal application.

*Ullmann v. United States*, 350 U.S. 422, 427, 76 S.Ct. 497 (1956) (internal citations and citations omitted). In *Kerr,* the Seventh Circuit noted that the jury had been told that the grand jury returned an indictment against the plaintiff and the court admitted his confession into evidence, thus, "without proper instruction, the jury was able to speculate as to the guilt or innocence of the plaintiff in determining the liability of the defendants." *Kerr,* 424 F.2d at 1139. Based on the indictment and the confession, the court did not want the jury speculating as to the plaintiff's guilt because the Fifth Amendment protected the plaintiff's rights regardless of whether he was guilty or innocent. *See id.* Here, as discussed below, Hill has established that evidence regarding his innocence is relevant to his constitutional claim. Therefore, Defendants' reliance on *Kerr* is misplaced.

Specifically, under the facts and circumstances of this case, the DNA evidence is relevant to Hill's coerced confession claim because innocent individuals do not normally confess to crimes they did not commit. *See West v. Carson,* 59 F.3d 433, 435 (8th Cir. 1995) ("evidence tending to prove [plaintiff's] innocence is, strictly speaking, 'relevant' under Rule 401 of the Federal Rules of Evidence. Innocent people do not usually confess."). In other words, the DNA evidence is relevant to his Fifth Amendment claim because it has the tendency to make the fact that Defendants coerced his confession more probable than not. *See United States v. Canady,* 578 F.3d 665, 670-71 (7th Cir. 2009) ("Rule 401 defines relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence ... more probable or less probable than it would be without the evidence'"). Moreover, as the Court explained in an earlier order regarding discovery matters, as

long as Defendants argue that Hill remains guilty of the Kathy Morgan murder, evidence concerning Hill's innocence is highly relevant and probative to Hill's coerced confession claims. (R. 409, 1/31/2011, Minute Order, at 2-3.)

Defendants also argue that the probative value of the DNA evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, waste of time, or "other concerns." *See* Fed.R.Evid. 403. First, Defendants argue that the probative value of the DNA evidence is minimal because the only purpose for which Hill would introduce the DNA evidence is to attempt to establish his innocence of the crimes against Morgan. Defendants' argument that this evidence is minimally probative is misplaced. The DNA evidence is highly probative because it bears on the falsity of Hill's allegedly coerced confession – the focal point of this lawsuit. Meanwhile, Defendants do not articulate any undue prejudice that substantially outweighs this highly probative evidence.

Instead, Defendants argue that this evidence will take up a significant portion of the Court's time and would confuse and mislead the jury about whether Hill committed the crimes in question. As Plaintiff suggests, one way to minimize the time involved is for the parties to stipulate to the DNA evidence. The Court directs the parties to discuss whether they wish to enter such a stipulation. And, even if the parties do not stipulate as such, as long as Defendants argue that Hill is guilty of the Morgan crimes, the Court will allow Hill to refute this evidence. In short, evidence of the DNA testing that exonerated Hill is not a waste of time and any juror confusion can be solved by a limiting instruction to minimize any such confusion. *See United States v. Sanchez,* 615 F.3d 836, 841-42 (7th Cir. 2010); *United States v. Curry,* 538 F.3d 718, 728 (7th Cir. 2008). Moreover, despite Defendants' argument to the contrary, DNA evidence is not too highly scientific for the jury to understand under the circumstances. *See Sommerfield v. City of Chicago*, 254 F.R.D. 317, 319 (N.D. Ill. 2008) ("*Daubert* concluded with a ringing reaffirmation of the adversary system and the capability of juries to understand scientific evidence and weigh the credibility of the competing experts").

Finally, any arguments as to the chain of custody of the DNA evidence is a factual matter for the jury to consider. *See Johnson v. Inland Steel Co.,* 140 F.R.D. 367, 371 (N.D. Ill. 1992) (motions in limine are "designed to narrow evidentiary issues for trial, not resolve factual disputes or weigh evidence"). The Court thus denies Defendants' motion to bar expert testimony regarding post-conviction DNA testing.