# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6772 | **DATE** | 7/6/2011 |
| **CASE TITLE** | Hill vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion in limine no. 6 [484].

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Before the Court is Plaintiff Harold Hill's motion in limine no. 6, in which he seeks to bar Defendants from admitting crime scene photographs pursuant to Federal Rules of Evidence 401, 403. For the following reasons, the Court in its discretion, grants Plaintiff's motion in limine no. 6. *See Fox v. Hayes*, 600 F.3d 819, 839 (7th Cir. 2010) (district courts are afforded special deference when determining if evidence is unduly prejudicial); *see also United States v. Thomas*, 321 F.3d 627, 630 (7th Cir. 2003) (stating "[t]he balancing of probative value and prejudice is a highly discretionary assignment.").

### BACKGROUND

On October 14, 1990, Kathy Morgan was killed and left in an abandoned building in Chicago, Illinois. The building and Morgan's body were set on fire in an apparent attempt to hide the crime. On March 20, 1992, Chicago Police Officers arrested Hill for possession of a stolen automobile and possession of a handgun. After being transported to the Seventh District Police Station at 61st Street and Racine Avenue, Hill admitted to committing two armed-robberies.

During the follow-up investigation of the armed robberies, Chicago Detectives Boudreau and Halloran asked Hill about other crimes, and Hill indicated that he had knowledge of the Morgan homicide. Twenty-six hours after Hill's arrest, Hill gave a court-reported statement implicating himself and two other men, Dan Young and Peter Williams, in the Morgan crimes. Hill alleges that Detectives Boudreau and Halloran, along with Assistant State's Attorney Rogers, coerced his confession.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Hill's criminal case commenced on March 22, 1992 with a probable cause to detain and bond hearing in the Circuit Court of Cook County. On April 13, 1992, Hill was indicted for the murder and sexual assault of Morgan. In September 1994, Hill and his co-defendant Dan Young were tried simultaneously – but to separate juries – for Morgan's sexual assault and homicide. The State introduced Hill's confession as evidence against him during his trial. In addition, both Hill and Young testified at trial maintaining their innocence and asserting that law enforcement coerced them into giving their confessions. In September 1994, the juries convicted Hill and Young for Morgan's sexual assault and homicide. Over a decade later, the results of DNA testing resulted in the trial court vacating Hill's conviction and the State dropping the charges against Hill.

On January 30, 2007, Hill filed an eleven-count Amended Complaint against the City of Chicago and present and former Chicago Polices Officers in the Violent Crimes Division at Area 3, as well as a Cook County Assistant State's Attorney. At this stage of the litigation, the following counts remain: (1) Hill's Fifth Amendment coerced confession claim; (2) his Section 1983 conspiracy claim based on his coerced confession claim; and (3) his failure to intervene claim based on his coerced confession.

## LEGAL STANDARD

Trial courts have broad discretion when ruling on evidentiary issues prior to trial. *See Jenkins v. Chrysler Motors Corp.*, 316 F. 3d 663, 664 (7th Cir. 2002); *United States v. Lillie*, 669 F. Supp. 2d 903, 905 (N.D. Ill. 2009). While the "Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The Seventh Circuit has repeatedly recognized the importance of motions in limine by noting that motions in limine help to avoid delays in litigation. *See generally Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *see also Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997) (stating "[t]he prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury."). Essentially, rulings on motions in limine allow district courts to engage in "a gatekeeping function," permitting trial judges to remove improper evidence that a party clearly should not present to the jury well before the actual trial. *See Jonasson*, 115 F.3d at 440.

## ANALYSIS

Under Federal Rule of Evidence 403, "relevant evidence may be excluded if the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403. Relevant evidence cannot however, be excluded, "simply because it is detrimental to one party's case, rather the relevant inquiry is whether any unfair prejudice from the evidence substantially outweighs its probative value." *United States v. Dennis*, 497 F.3d 765, 769 (7th Cir. 2007). Rule 403 "calls upon the district court to weigh the need for and probative value of the evidence against the potential harm that its admission might cause." *Mihailovich v. Laatsch*, 359 F.3d 892, 906 (7th Cir. 2004).

The specific evidence at issue in this motion concerns graphic crime scene photographs. In fact, the parties do not dispute that the photos are gruesome. In his motion, Hill asserts that such photographs should be excluded from trial because they "are not needed to prove any disputed fact in this case, and [because] these images are so gruesome and inflammatory that any probative value is outweighed." Defendants respond that this evidence is relevant because the photographs will aid the jury in understanding the nature of the crime scene and the ability (or lack thereof) for law enforcement to obtain corroborative evidence from the victim's body and the crime scene itself. Defendants further submit that the photographs are both probative and relevant because they will illustrate whether or not Hill's confession was truthful and voluntarily. Defendants also argue that the crime scene photos are relevant because the state court admitted such evidence in Hill's criminal trial.

"Photographs of homicide victims are relevant in showing the identity of the victim, the manner of death, the murder weapon, or any other element of the crime . . . Of course, photographs of homicide victims can be extremely prejudicial . . ." *United States v. Infelise*, No. 90 CR 98, 1992 WL 45023, at *1 (N.D. Ill. Feb. 5, 1992) quoting *United States v. De Parias*, 805 F.2d 1447, 1453-54 (11th Cir. 1986). When considering the admission of graphic photographs of homicide victims in cases where neither a victim's death nor the cause of death is at issue, the Seventh Circuit instructs that "the only conceivable reason for placing them in evidence [i]s to inflame the jury." *Gomez v. Ahitow*, 29 F.3d 1128, 1139-40 (7th Cir. 1994); quoting *Ferrier v. Duckworth*, 902 F.2d 544, 548-49 (7th Cir. 1990). In *Duckworth*, the Seventh Circuit explained that while the admission of gruesome photographs of a homicide victim was harmless for habeas purposes, the trial court's admission of such photographs was both erroneous and inexcusable due to the fact the victim's death was not at issue. *See Duckworth,* 902 F.2d at 549.

This civil case concerns Hill's alleged coerced confession to the 1990 Morgan crimes. Thus, the manner in which Morgan died is not at issue. As such, Defendants' contention that the photographs are probative as to the nature of the crime scene and the ability for law enforcement to obtain evidence lacks merit. Because of this, and because Defendants themselves concede to the gruesome nature of the photographs, any possible probative value of these crime scene photos is substantially outweighed by the inherent prejudice of the photographs. *See* Fed. R. Evid. 403; *Duckworth,* 902 F.2d at 549.

Moreover, Defendants' cursory argument that the crime scene photos are relevant to voluntariness of Hill's confession is not supported by any legal authority. The Seventh Circuit consistently reiterates that it is not the obligation of the courts to research and construct legal arguments for parties, and that undeveloped arguments lacking support by pertinent authority, are waived. *See e.g., Judge v. Quinn,* 612 F.3d 537, 557 (7th Cir. 2010); *White Eagle Co-op Ass'n v. Conner*, 553 F.3d 467, 476 n. 6 (7th Cir. 2009); *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 609 (7th Cir. 2008); *United States v. Alden*, 527 F.3d 653, 664 (7th Cir. 2008). Accordingly, any photos of the crime scene, the victim, or the autopsy are not relevant to the validity or voluntariness of Hill's confession. *See* Fed. R. Evid. 401.

Finally, Defendants' bald assertion that any photos presented to the criminal jury would be relevant to Hill's damages in this civil case and therefore should be admitted is not supported by any legal authority. In sum, admitting any gruesome crime scene, victim, or autopsy photographs in the context of this civil trial would distract the jury from the central issue of the lawsuit, specifically, whether Defendants' coerced Hill to confess to the 1990 Morgan murder and sexual assault. *See United States v. Dooley,* 578 F.3d 582, 591 (7th Cir. 2009). The Court thereby grants Plaintiff's motion in limine no. 6.