# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6772 | **DATE** | 7/6/2011 |
| **CASE TITLE** | Hill vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion in limine no. 2 [473] and grants in part and denies in part Plaintiff's motion in limine no. 3 [474].

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court are Plaintiff's motion in limine no. 2 in which he seeks to bar admission of certain undisclosed convictions and Plaintiff's motion in limine no. 3 in which he seeks to bar reference to all but one of his convictions for impeachment purposes. *See* Fed.R.Evid 609. For the following reasons, the Court, in its discretion, denies Plaintiff's motion in limine no. 2 and grants in part and denies in part Plaintiff's motion in limine no. 3.

## LEGAL STANDARD

The Court may not admit evidence of a witness's prior felony conviction for impeachment purposes "if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date," unless its probative value substantially outweighs its prejudicial effect. Fed.R.Evid. 609(b); *see also Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009). Under Rule 609(a)(1), the Court may admit evidence of prior felony convictions which occurred within ten years to impeach the credibility of a witness only after it has balanced the probative value of the evidence against the risk of unfair prejudice to the witness. *See* Fed.R.Evid. 609(a)(1); *Romanelli v. Suliene*, 615 F.3d 847, 854 (7th Cir. 2010).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

When determining whether the probative value of a prior conviction outweighs any potential prejudice, courts consider the following factors: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004) (citing *United States v. Mahone,* 537 F.2d 922 (7th Cir. 1976). The Court enjoys broad discretion in making this determination. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also United States v. Beck*, 625 F.3d 410, 416 (7th Cir. 2010).

## ANALYSIS

### I.  Motion in Limine No. 2

On June 6, 2011, Plaintiff filed his second motion in limine to preclude evidence of certain undisclosed convictions arguing that Defendants should be barred from relying on any convictions to impeach witnesses other than those disclosed in their responses to Plaintiff's interrogatories. To clarify, because Defendants objected to the interrogatory at issue, they did not disclose either Hill's or Peter Williams' convictions during discovery.

In response, Defendants maintain that their failure to disclose these convictions is harmless because the information about his and Peter Williams' prior convictions were available to Hill through public records and that Hill has personal knowledge of his own convictions and of witness Williams' current incarceration (and thereby, his conviction). Defendants also point out that Plaintiff disclosed two of his prior convictions during his deposition and that the States Attorney disclosed Williams' conviction history during the discovery process. Indeed, because the information concerning Hill's and Williams' prior convictions was easily obtainable and certain convictions are in the record, Hill's motion in limine number 2 is without merit. *See United States v. Peak,* 856 F.2d 825, 830 (7th Cir. 1988). In addition, because the parties filed the Final Pretrial Order approximately three months before the September 12, 2011 trial date, Defendants have given Hill sufficient advance written notice of their intent to use such evidence. *See id*; *see also* Fed. R. Evid. 609(b).

### II.  Motion in Limine No. 3

In his motion in limine no. 3, Hill argues that the Court should prohibit Defendants from referencing three of his four previous convictions. First, Hill seeks to bar references of his 1993 armed robbery conviction in which his imprisonment ended in 1999 because it is over the ten year period under Federal Rule of 609(b). Because this conviction occurred over ten years ago, the parties agree that the Court should not admit evidence of the conviction for impeachment purposes. *See United States v. Jackson,* 546 F.3d 801, 819 (7th Cir. 2008) (conviction more than ten years old is presumptively inadmissible). Moreover, the Court has previously discussed the substantive use of the evidence involving Hill's two armed robberies for which he was arrested on March 20, 1992 in its June 29, 2011 minute order.

Hill also argues that the Court should bar Defendants from impeaching him with two of his remaining three convictions that occurred within the past ten years. To clarify, Hill was imprisoned for his second 1993 armed robbery conviction until 2006 and he is currently imprisoned for armed robbery and kidnaping convictions from 2011.

Turning to the *Mahone* factors described above, the fourth and fifth factors, namely, that the importance of Hill's testimony and the centrality of his credibility, weigh heavily in favor of admitting the convictions for impeachment purposes because Hill is the only witness, other than Defendants, who was present at the time of the alleged coerced confession. *See Montgomery,* 390 F.3d at 1015. In addition, Hill's argument that his kidnaping conviction is similar to the underlying crimes at issue under the third *Mahone* factor is unavailing because the

Morgan crimes included murder, aggravated sexual assault, and arson. Hill does not address the first two *Mahone* factors.

Instead, Hill argues that these convictions do not withstand the prejudice analysis because the use of his multiple convictions as impeachment evidence would be piling it on and that evidence of multiple convictions would have diminishing returns. Hill's "piling it on" argument does not save the day because evidence of multiple convictions may communicate something different to the jury than would evidence of only one. *See United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998) ("evidence of fifteen murder convictions says something different about a witness' credibility than evidence of only one such conviction"). Hill's "diminishing returns" argument is similarly unavailing. *See id.*

In sum, the impeachment evidence of Hill's prior convictions is highly probative of his credibility and the value of this evidence substantially outweighs the danger of any potential prejudice. *See* Fed.R.Evid. 609(a)(1); *see also Gora v. Costa,* 971 F.2d 1325, 1330 (7th Cir. 1992) ("The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully . . . all that is needed to serve the purpose of challenging the witness's veracity is the elicitation of the crime charged, the date, and the disposition . . . it is error to elicit any further information for impeachment purposes.").

Because Hill has failed in his burden of establishing that his prior convictions are not admissible for any purpose under Rule 609, the Court denies his motion as to his three convictions that fall within Rule 609(b)'s ten-year period. *See United States v. Lillie,* 669 F.Supp.2d 903, 905 (N.D. Ill. 2009) ("the party moving to exclude evidence *in limine* has the burden of establishing that the evidence is not admissible for any purpose"). On a final note, the Court will address the substantive use of Hill's present incarceration in a separate order.