# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6772 | **DATE** | 7/28/2011 |
| **CASE TITLE** | Hill vs. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part Defendant's omnibus motion in limine [478].

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendants' omnibus motion in limine. For the following reasons, the Court, in its discretion, grants in part and denies in part Defendants' omnibus motion. *See Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002) ("judges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine").

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). An in limine ruling avoids delay and allows the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before trial. *See United States v. Chambers,* 642 F.3d 588, 594 (7th Cir. 2011); *Cefalu v. Village of Elk Grove,* 211 F.3d 416, 426 (7th Cir. 2000). Regardless of the Court's initial ruling on a motion in limine, the Court may adjust its ruling during the course of trial. *See Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 565 (7th Cir. 2006). The Court will only grant a motion in limine when the evidence is clearly inadmissable for any purpose. *See Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997); *Thakore v. Universal Mach. Co. of Pottstown, Inc.,* 670 F.Supp.2d 705, 714 (N.D. Ill. 2009). The moving party bears the burden of establishing that the evidence is not admissible for any purpose. *See Mason v. City of Chicago,* 631 F.Supp.2d 1052, 1056 (N.D. Ill. 2009).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# BACKGROUND

On October 14, 1990, Kathy Morgan was killed and left in an abandoned building in Chicago, Illinois. The building and Morgan's body were set on fire in an apparent attempt to hide the crime. On March 20, 1992, Chicago Police Officers arrested Plaintiff Harold Hill for possession of a stolen automobile and possession of a handgun. After being transported to the Seventh District Police Station at 61st Street, Hill admitted to committing two armed-robberies.

During the follow-up investigation of the armed robberies, Defendant Chicago Detectives Boudreau and Halloran asked Hill about other crimes, and Hill indicated that he had knowledge of the Morgan homicide. Twenty-six hours after Hill's arrest, Hill gave a court-reported statement implicating himself and two other men, Dan Young and Peter Williams, in the Morgan crimes. Hill alleges that Defendants Boudreau and Halloran, along with an Assistant State's Attorney, coerced his confession.

Hill's criminal case commenced on March 22, 1992 with a probable cause to detain and bond hearing in the Circuit Court of Cook County. On April 13, 1992, Hill was indicted for the murder and sexual assault of Morgan. In September 1994, Hill and his co-defendant Dan Young were tried simultaneously – but to separate juries – for Morgan's sexual assault and homicide. The State introduced Hill's confession as evidence against him during his trial. In addition, both Hill and Young testified at trial maintaining their innocence and asserting that law enforcement coerced them into giving their confessions. In September 1994, the juries convicted Hill and Young for the Morgan crimes. Over a decade later, the results of DNA testing resulted in the trial court vacating Hill's conviction and the State dropping the charges against Hill.

On January 30, 2007, Hill filed an eleven-count Amended Complaint against the City of Chicago and present and former Chicago Polices Officers in the Violent Crimes Division at Area 3, as well as a Cook County Assistant State's Attorney. At this stage of the litigation, the following counts remain: (1) Hill's Fifth Amendment coerced confession claim; (2) his Section 1983 conspiracy claim based on his coerced confession claim; and (3) his failure to intervene claim based on his coerced confession. *See generally Hill v. City of Chicago,* No. 06 C 6772, 2009 WL 174994 (N.D. Ill. Jan. 26, 2009).

# ANALYSIS

## I. Defendants' Other Bad Acts

Defendants first seek to bar any evidence of their alleged misconduct not addressed in their motion to bar evidence of ten other acts, which the Court will discuss in a separate order. *See* Fed.R.Evid. 404(b). Plaintiff responds that he does not intent to elicit evidence of Defendants' other misconduct apart from the ten other acts, and thus the Court grants Defendants' motion in this respect. Should Defendants open the door by insinuating that they are exemplary police officers, Plaintiff may introduce any such evidence after raising this issue with the Court outside of the jury's presence.

## II. Further Investigations into the Morgan Crimes

Next, Defendants move to bar evidence that the police failed to conduct further investigations during the 1990 Morgan murder investigation. As the Court has previously concluded, any such evidence is not relevant to this lawsuit. (R. 565, 7/05/11, Mem., Op., & Order at 11-13.) The Court thus grants Defendants' in limine motion as to this evidence. Defendants further seek to bar evidence that the police failed to conduct further investigations into the 1992 Morgan murder investigation. Because Defendants' present argument is too vague for the Court to conclude that this evidence is inadmissible for any possible purpose, the Court denies

Defendants' motion as to the further investigations in 1992 without prejudice. *See Jonasson,* 115 F.3d at 440; *Thakore,* 670 F.Supp.2d at 714.

## III.  Criminal Acts against Plaintiff

Defendants also move to bar evidence of any criminal acts other inmates committed against Plaintiff while he was in custody of the Cook County Department of Corrections and the Illinois Department of Corrections. Because Defendants' request overlaps with Defendants' motion in limine to bar damages for Plaintiff's conviction and incarceration, the Court will address the present argument in the context of that in limine motion.

## IV.  DNA Testing

In addition, Defendants seek to bar testimony and evidence of DNA testing that Defendants assert was not properly disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiff maintains that he does not intent to elicit any opinions that were not disclosed pursuant to Rule 26(a)(2). Meanwhile, Defendants also seek to bar any "facts" about DNA testimony not included in the designated opinion experts' reports or testimony. Again, Defendants' argument is too vague for the Court to conclude that any "facts" about DNA evidence are inadmissible for all purposes, especially in light of the Court's earlier rulings concerning DNA testimony. *See Thakore,* 670 F.Supp.2d at 714. The Court thus denies this part of Defendants' in limine motion without prejudice and refers the parties to the Court's prior rulings in this case regarding the DNA evidence. (*See, e.g.,* R. 448, 461, 542.)

## V.  Judicial Notice

Defendants also request that the Court take judicial notice of the following adjudicated facts that occurred during Plaintiff's criminal proceedings, *People v. Harold Hill,* Circuit Court of Cook County, Illinois, Case No. 92 CR 3844: (1) Plaintiff filed a motion to suppress statements with the Clerk of the Circuit Court of Cook County, Criminal Division on March 22, 1993; (2) Plaintiff filed a supplemental motion to suppress statements with the Clerk of the Circuit Court of Cook County, Criminal Division on October 15, 1993; and (3) on October 15, 1993, Judge Thomas P. Durkin held a hearing on Plaintiff's motion and supplemental motion to suppress statements. *See* Fed.R.Evid. 201.

Federal Rule of Evidence 201 states that "when requested by a party, a court 'shall' take judicial notice of a fact that is 'not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Denius v. Dunlap,* 330 F.3d 919, 926 (7th Cir. 2003) (quoting Fed.R.Evid. 201(b),(d)). Here, Plaintiff does not object to the Court taking judicial notice of the fact that he filed a motion to suppress and a supplemental motion to suppress, but argues that the fact that a Circuit Court judge held a hearing on this motion is prejudicial. Plaintiff, however, cannot reasonably dispute the fact that the state court held a suppression hearing, thus the Court must take judicial notice of this fact. *See Denius,* 330 F.3d at 926 (judicial notice mandatory under Rule 201(d)).

That being said, Plaintiff's argument that Defendants seek the admission of this evidence to establish that Hill chose to litigate his coerced confession claim in his criminal proceedings, and is thus barred by the doctrine of res judicata from bringing these claims in the present civil lawsuit is well-taken. Indeed, the Court previously determined that Hill is not collaterally estopped from re-litigating the legality of his confession. *See Hill v. City of Chicago,* No. 06 C 6772, 2009 WL 174994, at *12 (N.D. Ill. Jan. 26, 2009) ("it is well-established under Illinois law that when a judgment is vacated, it ceases to have any preclusive effect"). As such, any such argument is unwarranted.

## VI. Chicago Police Department General Orders, Rules, and Regulations

Next, Defendants seek to bar testimony or evidence that Defendant Officers and Chicago Police Officer witnesses violated the Chicago Police Department General Orders, Rules, and Regulations. It is well-settled that violations of the Chicago Police Department Rules and Regulations cannot establish proof that a defendant violated a plaintiff's constitutional rights. *See Thompson v. City of Chicago,* 472 F.3d 444, 454-55 (7th Cir. 2006). In fact, the Seventh Circuit "has consistently held that '42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.'" *Id.* at 454 (citation omitted). Hill's general argument that violations of general orders may be relevant to other issues in this lawsuit is misplaced, especially because he relies upon district court cases decided before *Thompson*. The Court thus grants Defendants' motion in limine to bar evidence that Defendant Officers and Chicago Police Officer witnesses violated the Chicago Police Department General Orders, Rules, and Regulations.

## VII. Exoneration of Morgan Murder

Defendants also move to bar testimony or evidence that Hill was exonerated of the Morgan crimes. Because Defendants continue to argue that Hill was guilty of the Morgan crimes, the question of whether Hill was exonerated is relevant – although it is a question for the jury. As such, Plaintiff may present evidence concerning his innocence, as discussed in the Court's prior in limine rulings. And, Defendants may present evidence to the contrary. Because motions in limine are "designed to narrow evidentiary issues for trial, not resolve factual disputes or weigh evidence," *see Johnson v. Inland Steel Co.,* 140 F.R.D. 367, 371 (N.D. Ill. 1992), the Court denies Defendants' motion in this respect.

## VIII. Plaintiff Treated Differently Because Convicted of Sexual Assault

Moreover, Defendants seek to bar evidence that inmates and guards treated Hill differently while he was incarcerated because he was convicted of a sexual assault. In response, Hill explains that his testimony that guard and inmates treated him differently is based on his
own personal knowledge and perceptions, which, under Federal Rule of Evidence 602, is admissible testimony. *See Payne v. Pauley,* 337 F.3d 767, 772 (7th Cir. 2003) ("although personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience.'") (citation omitted). The Court agrees assuming Hill can lay the proper foundation for such testimony. Thus, at this juncture, the Court denies Defendants' in limine ruling regarding Hill's personal knowledge and perceptions without prejudice.

## IX. Missing or Withheld Police Documents or Reports

In the present motion, Defendants also request to bar any evidence of missing or withheld police documents or reports because the Court dismissed Hill's *Brady* claim at summary judgment. Not only do Defendants fail to articulate what missing or withheld documents they wish to exclude, the dismissal of Hill's *Brady* claim does not necessarily mean that all evidence that formed the basis of his *Brady* claim is inadmissible. *See Robinson v. Village of Matteson,* No. 97 C 4748, 1999 WL 1270685, at *2 (N.D. Ill. Dec. 23, 1999). Because Defendants' motion is too broad, they have failed to establish that this evidence is clearly inadmissible for any purpose, and thus the Court denies Defendants' in limine motion in this respect without prejudice. *See Jonasson*, 115 F.3d at 440; *Thakore,* 670 F.Supp.2d at 714.

## X. Indemnification

Defendants also seek to bar evidence or testimony that the City of Chicago may indemnify Defendant Officers for compensatory damages. In general, courts bar evidence of indemnification because it may encourage juries to inflate compensatory damages awards. *See Lawson v. Trowbridge,* 153 F.3d 368, 379 (7th Cir. 1998). Once a defendant opens the door by presenting evidence of their financial condition, however, evidence of indemnification is permissible. *See id.*; *Christmas v. City of Chicago,* 691 F.Supp.2d 811, 819 (N.D. Ill. 2010). As such, if Defendant Officers offer any evidence of their financial condition, Hill may present evidence concerning the City's indemnification. *See Kemezy v. Peters,* 79 F.3d 33, 37 (7th Cir. 1996) ("defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab"). If Defendant Officers present evidence of their financial condition, the Court will give a limiting instruction that their finances only pertain to punitive damages.

## XI. Former Defendant Jon Burge

Defendants next move to bar any evidence or testimony concerning former Defendant Jon Burge. Plaintiff asserts that he does not intend to raise Jon Burge's name in front of the jury unless Defendants open the door by claiming that their training makes it less likely that they would have coerced Plaintiff's confession. The Court therefore grants Defendants' motion in this respect with the caveat that if Defendants open the door, Plaintiff may raise this issue with the Court – outside of the jury's presence – at which time the Court will decide this evidence's admissibility. The Court need not decide at this stage of the proceedings whether such training testimony would open the door. Plaintiff further agrees not to raise unrelated incidents of police misconduct unless such issues become relevant, and thus the Court grants Defendants' in limine motion in this respect, as well.

## XII. Code of Silence

Next, Defendants request to bar testimony or evidence that police officers in general and the officers in this case in particular conspire, cover-up, or lie for their colleagues through some form of the code of silence. The Court grants Defendants' in limine motion as to any generalized allegations concerning the "code of silence" because these allegations would not be helpful to the jury and are unduly prejudicial. *See Christmas,* 691 F.Supp.2d at 819; Fed.R.Evid. 401, 403. That being said, whether the individual Defendants covered-up for each other is probative of the officers' bias, which is almost always relevant. *See Christmas,* 691 F.3d at 819; *Townsend v. Benya,* 287 F.Supp.2d 868, 876 (N.D. Ill. 2003). Such evidence may also be relevant to Plaintiff's conspiracy claim. Therefore, the Court denies Defendants' in limine motion as it pertains to the individual Defendants' conduct as it relates to Hill's coerced confession claim.

## XIII. Innocence and False Confession

Last, Defendants seek to bar evidence that Plaintiff is innocent of the crimes against Morgan and that his confession was false. Because the Court has already rejected this argument when denying Defendants' motion in limine to bar testimony regarding post-conviction DNA testing, the Court denies Defendants' present in limine motion as to Plaintiff's innocence and false confession. (*See* R. 461, 5/24/11 Minute Order). As the Court has repeatedly explained, as long as Defendants argue that Plaintiff remains guilty of the Morgan crimes, evidence concerning his innocence is highly relevant and probative to his coerced confession claims. Accordingly, the Court denies Defendants' motion to bar evidence that Plaintiff is innocent of the crimes against Morgan and that his confession was false.