IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 06 C 6772 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | JUDGE ST. EVE |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S REVISED JURY INSTRUCTIONS**

## ISSUES

The Plaintiff, Harold Hill, alleges that Defendants Kenneth Boudreau and John Halloran caused him to involuntarily confess, and this confession was then used against him in criminal proceedings in violation of his right under the Fifth Amendment of the United States Constitution.

Plaintiff Hill also alleges that Defendants Boudreau and Halloran failed to intervene to prevent the above-described violation of his Constitutional right and that they conspired to cause him to involuntarily confess.

The Defendants deny all of Plaintiff's claims.

I shall now discuss each of these claims in turn.

**Plaintiff's Proposed Jury Instruction No. 2**
_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

# FIFTH AMENDMENT – INVOLUNTARY CONFESSION
## ELEMENTS

Plaintiff Harold Hill alleges that the Defendants caused him to involuntarily confess to the murder of Kathy Morgan.

To prevail on this claim, Plaintiff must prove the following by a preponderance of the evidence:

1) The Defendant you are considering caused Plaintiff to confess involuntarily; and

2) Plaintiff suffered harm as a result.

If you find that Plaintiff has proved each of these things as to any Defendant by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove each of these things, then you should find for Defendants, and you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 3**
_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

*Source: Chavez v. Martinez,* 538 U.S. 760, 767 (1994); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990); *Brown v. Mississippi*, 297 U.S. 278, 286, 56 S.Ct. 461, 80 L.Ed. 682 (1936).

**Defendants' Objection to Plaintiff's Instruction No. 3**

Defendants object to this instruction as incomplete because it does not take into consideration that plaintiff's free will must be overborne for the confession to be involuntary. Causation alone does not constitute coercion. If it did all confessions following interrogations would be involuntary because "it can almost always be said that the interrogation caused the confession." See, Holland v. McGinnis, 963 F.2d 1044, 1051 (7th Cir. 1992), citing, Miller v. Fenton, 796 F.2d 598, 605 (3rd Cir.), cert. denied, 479 U.S. 989 (1986).

Defendants offer their Instruction No. 24 as an alternative.

**DEFINITION OF "INVOLUNTARY"/USE OF PHYSICAL FORCE NOT NECESSARY**

In order to determine whether a confession is involuntary, you must consider the totality of the circumstances. A variety of factors may be considered to assess voluntariness, including the aged of the Plaintiff, his education, his intelligence, his emotional state, including his fatigue, whether any advice to the accused of his constitutional rights was provided, the length of his detention in police custody, the repeated and prolonged nature of his questioning, the use of physical force, and the use of physical punishment such as the deprivation of food or sleep.

A confession may be rendered involuntary solely through the use of psychological, rather than physical, pressure. The presence or absence of physical marks to Plaintiff is not dispositive to the question whether Plaintiff's confession was involuntary.

**Plaintiff's Proposed Jury Instruction No. 4**
_____	Given
_____	Rejected
_____	Withdrawn
_____	Objected to

Source: *Schneckloth v. Bustamonte*, 412 U.S. 218 225-26 (1973); *Miranda v. Arizona*, 384 U.S. 436, 448, 86 S.Ct. 1602 (1966); *Blackburn v. State of Alabama*, 361 U.S. 199, 206, 80 S.Ct. 274, 279, 4 L.Ed.2d 242 (1960); *Chambers v. State of Florida*, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716.

**Defendants' Objection to Plaintiff's Instruction No. 4**

Defendants object to this instruction as incomplete and a misstatement of the law because it does not take into consideration that plaintiff's free will must be overborne for the confession to be involuntary.  See, Holland v. McGinnis, 963 F.2d 1044, 1051 (7th Cir. 1992).  Additionally, the factors listed are incomplete and focus argumentatively on plaintiff's characteristics and allegations.  Defendants version (Defs.' Instruction No. 35) sets forth the factors to be considered in a neutral manner.  Furthermore, the second paragraph of plaintiff's proposed instruction is contradictory because it places undue emphasis on one factor ("solely through the use of psychological, rather than physical pressure") as opposed to the several factors the jury may consider to determine whether the confession was voluntary.

Defendants offer their Instruction No. 35 as an alternative.

## FAILURE TO INTERVENE:
## ELEMENTS

To succeed on his failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. One or more of the Defendants caused him to involuntarily confess;

2. That the Defendant you are considering knew that Plaintiff was being caused to confess involuntarily or that he was about to be caused to confess involuntarily and had a realistic opportunity to prevent harm from occurring;

3. That the Defendant you are considering failed to take reasonable steps to prevent or stop the harm from occurring; and

4. That the failure to take reasonable steps by the Defendant you are considering caused Plaintiff to suffer harm.

If you find that Plaintiff proved each of these things as to any Defendant, then you should find for the Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove these things for any Defendant, then you should find for Defendants, and you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 5**
_____        Given
_____        Rejected
\_\_\_\_X\_\_\_     Withdrawn
_____        Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.16 (modified)*

**§1983 Conspiracy to Deprive Plaintiff of his Constitutional Rights**

Plaintiff alleges that the Defendants each conspired to cause him to confess involuntarily and to have that confession used against him in his criminal proceedings.

To succeed on this claim, Plaintiff must prove by a preponderance of the evidence:

1. Plaintiff prevailed on his involuntary confession claim as elsewhere explained in these instructions;

2. At least one Defendant, acting jointly with the other Defendant or some other person, reached an express or implied agreement to cause Plaintiff to confess involuntarily;

3. In furtherance of this alleged agreement, at least one Defendant committed overt acts and was otherwise a willful participant in joint activity with at least one other person; and

4. That as a result of this alleged conspiracy, Plaintiff confessed involuntarily and that confession was used against him in his criminal proceedings.

If you find from your consideration of all of the evidence that the Plaintiff has proven each of the propositions listed above as to any Defendant, then you should find in favor of Plaintiff on his conspiracy claim against that Defendant, and go on to consider the question of damages.

If, however, you find from your consideration of all of the evidence that each of these propositions have not been proven as to any Defendant, then you should find against Plaintiff and in favor of Defendants on his conspiracy claim, and you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 6**
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

*Source*: *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988); *Bell v. Milwaukee*, 746 F.2d 1205, 1254-57 (7th Cir. 1984); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)

**DAMAGES: COMPENSATORY**

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and/or is reasonably certain to sustain in the future as a direct result of causing him to involuntarily confess and having that confession used against him in his criminal prosecution for the Morgan rape and murder. These are called compensatory damages.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that damages are restricted to the actual loss of money; damages include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.


**Plaintiff's Proposed Jury Instruction No. 7**
_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

*Source: Seventh Circuit Pattern Jury Instruction 7.23 (modified).*

**Defendants' Objection to Plaintiff's Instruction No. 7**

Defendants object to this instruction because damages for "an involuntary confession," or in other words, the physical abuse and/or psychological coercion during plaintiff's interrogation are time barred and not recoverable. Plaintiff's Fourth and Fourteenth Amendment claims of physical abuse and psychological coercion during his interrogation are barred by the statute of limitations. Such claims accrue at the time of the purported abuse, and are immediately actionable, even if the prosecutor never tries to use the confession at trial. Gonzalez v. Entress, 133 F.3d 551, 555 (7th Cir. 1998). Because Plaintiff's Fourth and Fourteenth Amendment claims are untimely, he cannot recover damages for those claims. To allow plaintiff to recover such damages would circumvent the statute of limitations.

Plaintiff's claims his Fifth Amendment right against self-incrimination was violated. That claim is triggered when the alleged involuntary confession is used against plaintiff in a criminal proceeding. See, Sornberger v. City of Knoxville, 434 F.3d 1006, 1026-27(7th Cir. 2006). Therefore, plaintiff's damages under the Fifth Amendment claim stem from the use of his alleged involuntary confession in his underlying criminal proceedings.

Defendants offer their Instruction Nos. 30 and 36 as alternatives.

## DAMAGES: "DIRECT RESULT" DEFINED

In order for an injury to be the "direct result" of Plaintiff's involuntary confession, I mean that the injury was caused by Plaintiff's involuntary confession in the natural or ordinary course of events. Plaintiff's involuntary confession need not be the only cause of his injuries, nor the last or nearest cause. It is sufficient if his involuntary confession combines with another cause resulting in any particular injury.

**Plaintiff's Proposed Jury Instruction No. 10**
_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

*Source: Illinois Pattern Jury Instruction 15.01 (civil) (modified)*

**Defendants' Objection to Plaintiff's Instruction No. 10**

Defendants object to this instruction as confusing to the jury and a misstatement of the law because it offers no guidance on the boundaries or limitations on damages and ignores the concepts of intervening and superceding causes as well as the independent acts of others that may affect damages. It also fails to consider that the duty to plaintiff's constitutional rights was severed when defendants relinquished control of plaintiff to others or another agency. Liability under Section1983 is predicated upon personal responsibility. Starzenski v. City of Elkhart, 87 F.3d 872, 880 (7th Cir. 1996). A defendant is not responsible and cannot be held liable for the conduct of another, including an agency to whom the custody of plaintiff was transferred. See, Hibma v. Odegaard, 769 F.2d 1147, 1155-57 (7th Cir. 1985). Furthermore, by seeking damages for an "involuntary confession" the instruction circumvents the statute of limitations and allows plaintiff to recover damages for stale claims for the reasons set forth in Defendants' objections to Plaintiff's Instruction No. 7.

Defendants offer their Instruction No. 37 as an alternative.

**CERTIFICATE OF SERVICE**

I, Russell Ainsworth, an attorney, certify that on August 16, 2011, I delivered by electronic means a copy of the attached Motion to all counsel of record.

s/Russell Ainsworth