**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HAROLD HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06 C 6772 |
| | ) | |
| CITY OF CHICAGO, et. al. | ) | Judge St. Eve |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS BOUDREAU AND HALLORAN'S**
**<u>REVISED JURY INSTRUCTIONS</u>**

     Defendants Boudreau and Halloran reserve their right to submit additional instructions based on the Court's rulings, before and at trial, based on the evidence at trial, and if Plaintiff submits any additional instructions.

**Issues Instruction**

Plaintiff Harold Hill has asserted three claims. Each of these claims must be considered by you separately.

First, that defendants Kenneth Boudreau and John Halloran caused plaintiff to involuntarily confess to the sexual assault and murder of Kathy Morgan by the use of improper coercion in violation of his constitutional right against self-incrimination;

Second, that defendants Kenneth Boudreau and John Halloran were aware that plaintiff's constitutional right was being violated in the aforementioned way, and failed to take reasonable steps to prevent that violation, despite having a realistic opportunity to do so; and,

Third, that defendants Kenneth Boudreau and John Halloran conspired among themselves and/or with others to deprive plaintiff of the aforementioned constitutional right.

The defendants deny all of these claims.

I shall now discuss each of these claims in turn.

Defendants' Instruction No. 23

GIVEN: _____

REFUSED: _____

WITHDRAWN: ___X___

OBJECTION: _____

**First Claim:  Section 1983  5th Amendment Involuntary Confession**

In this case, plaintiff claims that defendants Kenneth Boudreau and John Halloran caused him to involuntarily confess in violation of his right against self-incrimination.  To succeed on this claim, plaintiff must prove each of the following things by a preponderance of the evidence:

1.     The defendant overbore plaintiff's free will and caused him to confess involuntarily based on the totality of the circumstances surrounding the confession;

2.     Plaintiff suffered harm as a result.

If you find that the plaintiff has proved each of these propositions by a preponderance of the evidence against a defendant, then you should find for the plaintiff and against that defendant on this claim.

If, however, you find that plaintiff did not prove each of these propositions by a preponderance of the evidence against a defendant, then you should find for that defendant and against the plaintiff on this claim.

Chavez v. Martinez, 583 U.S. 760, 772-73 (2003); Arizona v. Fulminante, 499 U.S. 279, 308-310 (1991); Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973); Sornberger v. City of Knoxville, 434 F.3d 1006, 1026-27 (7th Cir. 2006);Conner v. McBride, 375 F.3d 643, 651 (7th Cir. 2004); Holland v. McGinnis, 963 F.2d 1044, 1051 (7th Cir. 1992).

Defendants' Instruction No.   24

GIVEN:                _____

REFUSED:            _____

WITHDRAWN:       _____

OBJECTION:         _____

**Plaintiff's Objection to Defendants' Instruction No. 24**

Defendants' instruction no. 24 uses the phrase "overborne plaintiff's free will and caused him to confess involuntarily." The language "overborne plaintiff's free will" is archaic and unhelpful to the jury. The true inquiry is to determine whether the confession was voluntary. Admittedly, there are references to an accused's free will and having it be overborne, but that language is simply a recitation of what involuntary means. This definition is quite old and is unhelpful outside the context of a legal opinion. As such, this language is confusing and seems to suggest that Plaintiff has to prove both that his confession was involuntary and that his will was overborne, which is not the case.

**Second Claim:  Section 1983 Failure to Intervene**

To succeed on his failure to intervene claim against defendants Kenneth Boudreau and John Halloran, plaintiff Harold Hill must prove each of the following things by a preponderance of the evidence:

1.       That one or more of defendants caused plaintiff to involuntarily confess as elsewhere explained in these instructions;

2.       That one of the defendants knew that another defendant was causing plaintiff to involuntarily confess;

3.       That the defendant had a realistic opportunity to do something to prevent harm from occurring;

4.       That defendant failed to take reasonable steps to prevent harm from occurring;

5.       That defendant's failure to act caused plaintiff to suffer harm;

If you find that the plaintiff has proved each of these propositions by a preponderance of the evidence against a defendant, then you should find for the plaintiff and against that defendant on this claim.

If, however, you find that plaintiff did not prove each of these propositions by a preponderance of the evidence against a defendant, then you should find for that defendant and against the plaintiff on this claim.


7th Circuit Pattern Civil Jury Instruction 7.16 (modified)



Defendants' Instruction No.   25


GIVEN:                    _____

REFUSED:               _____

WITHDRAWN:          _____

OBJECTION:            _____

**Third Claim:  Section 1983 Conspiracy**

If you find in favor of the plaintiff on his involuntary confession claim, then you should go on to decide plaintiff's conspiracy claim against the defendants.  However, if you decide for the defendants and against the plaintiff on plaintiff's involuntary confession claim, then you should not decide plaintiff's claim for conspiracy.

<u>Cefalu v. Village of Elk Grove</u>, 211 F.3d 416, 423 (7th Cir. 2000); <u>Hill v. Shobe</u>, 93 F.3d 418, 422 (7th Cir. 1996)

Defendants' Inst. No.  26

GIVEN: _____

REFUSED: _____

WITHDRAWN: ____X_____

OBJECTION: _____

**Third Claim:  Section 1983 Conspiracy**

The plaintiff has the burden of proving each of the following propositions against defendants Kenneth Boudreau and John Halloran to recover on his claim that defendants conspired to cause him to confess involuntarily:

First, there was an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights by causing him to confess involuntarily.

Second, the defendants engaged in overt acts in furtherance of the agreement.

Third, there were actual deprivations of the plaintiff's constitutional rights.

Fourth, the defendants' acts caused injury to the plaintiff.

If you find that the plaintiff has proved each of these propositions by a preponderance of the evidence against a defendant, then you should find for the plaintiff and against that defendant on this claim.

If, however, you find that plaintiff did not prove each of these propositions by a preponderance of the evidence against a defendant, then you should find for that defendant and against the plaintiff on this claim.

Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988)

Defendants' Instruction No.  27

GIVEN: _____

REFUSED: _____

WITHDRAWN: ____X____

OBJECTION: _____

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the use of his involuntary confession in a criminal proceeding.  These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that Plaintiff has experienced [and is reasonably certain to experience in the future].  No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

[If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).]

7th Circuit Pattern Civil Jury Instruction 7.23

Defendants' Instruction No.   30

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**Plaintiff's Objection to Defendants' Instruction No. 30**

      Defendants' instruction no. 30 includes the possibility for nominal damages. As a matter of law, causing someone to face the prospect of spending the rest of his life in prison for a rape and murder he did not commit (if proven), must cause some damages to Plaintiff. A nominal damages instruction is not warranted here.

      In addition, Defendants' instruction omits reference to damages for causing plaintiff to confess involuntarily, separate and addition to having that confession used against him in his criminal proceedings.

## "INVOLUNTARY" DEFINED

A confession is "involuntary" or "coerced" if the totality of the circumstances demonstrates that the confessor's free will was overborne. A variety of factors may be considered to assess voluntariness, including but not limited to: whether the confessor was read his *Miranda* rights; the individualized characteristics of the confessor (i.e, age, intelligence level, education, mental state); interrogation conditions (i.e., duration, environment, access to restroom facilities and food); the conduct of the law enforcement officers; and the confessor's prior experience with the criminal justice system. In determining whether a confession is voluntary, you must take into account the entire course of events leading up to the confession, including whether the confessor made prior inculpatory statements.

Arizona v. Fulminante, 499 U.S. 279, 285-86 (1991); Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973); Johnson v. Pollard, 559 F.3d 746, 753 (7th Cir. 2009); Conner v. McBride, 375 F.3d 643, 651 (7th Cir. 2004); Watson v. DeTella, 122 F.3d 450, 453 (7th Cir. 1997); Holland v. McGinnis, 963 F.2d 1044, 1050 (7th Cir. 1992).

Defendants' Instruction No.   35

GIVEN:                   _____

REFUSED:                 _____

WITHDRAWN:               _____

OBJECTION:               _____

**Plaintiff's Objection to Defendants' Instruction No. 35**

Defendants' Instruction No. 35 is incomplete and misleading. Defendants enumerate some factors (such as duration, environment, access to restroom facilities and food) but only refer to "conduct of the law enforcement officers" in general and vague terms.

The instruction also prejudicially highlights the confessor's prior experience with the criminal justice system. In addition, the instruction <u>requires</u> the jury to consider whether the confessor made prior inculpatory statements, while all other factors are left to the jury's discretion as to whether to consider them. In addition, the instruction to use the confessor's prior inculpatory statements is misleading in the context of this case. The cases relied upon by Defendants involve situations where the confessor made prior inculpatory statements about the same crime in a previous interview; that situation is not present here.

The instruction also omits the repeated and prolonged nature of the questioning as a factor, as well as sleep deprivation. *See, e.g., Schneckloth v. Bustamonte,* 412 U.S. 218, 225-26 (1973); *Ashcraft v. Tennessee*, 322 U.S. 143, 64 S.Ct. 921, 88 L.Ed. 1192 (1944).

Finally, the instruction's emphasis on the phrase "free will was overborne" is unduly prejudicial to Plaintiff, as explained in Plaintiff's objection to Defendants' Instruction No. 24.

## DAMAGES - LIMITING INSTRUCTION

You have heard evidence of the Defendants' conduct during the course of Plaintiff's interrogation. You are to consider this evidence only for purposes of determining whether Plaintiff's confession was voluntary or involuntary. You are not to consider Defendants' conduct during the interrogation as part of Plaintiff's damages.

Chavez v. Martinez, 538 U.S. 760, 772-73 (2003); Sornberger v. City of Knoxville, 434 F.3d 1006, 1026-27 (7th Cir. 2006); Gonzalez v. Entress, 133 F.3d 551, 555 (7th Cir. 1998)

Defendants' Instruction No.  36

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**Plaintiff's Objection to Defendants' Instruction No. 36**

Defendants' instruction no. 36 is improper as an initial matter because the Defendants' conduct is directly relevant to punitive damages.

Separately, Plaintiff can recover for the emotional distress from being forced to involuntarily confess. Part of the constitutional tort he suffered was confessing involuntarily. None of Defendants' citations support their instruction that Plaintiff cannot recover for the Defendants' conduct toward him during his interrogation.

As an analogy, the tort of malicious prosecution is not complete until the charges are dismissed in a manner indicative of the plaintiff's innocence. Nevertheless, the plaintiff can still recover in a malicious prosecution claim all of the damages that accrued while the charges were pending, even though the tort was not complete until the plaintiff was released.

## DAMAGES - "DIRECT RESULT" DEFINED[1]

For an injury to be the "direct result" of the use of plaintiff's involuntary confession in a criminal proceeding, you must find that the injury was a natural and foreseeable consequence of that event. In determining whether an injury was a natural and foreseeable consequence, you must consider whether the plaintiff's injury was caused by the independent act of another or by an intervening or superceding event.

The intentional or criminal act of another after defendants relinquished control of plaintiff to others or another agency is a superceding cause for which defendants cannot be held liable.

Herzog v. Village of Winnetka, 309 F.3d 1041, 1044 (7th Cir. 2002); Hibma v. Odegaard, 769 F.2d 1147, 1155-57 (7th Cir. 1985); Duncan v. Nelson, 466 F.2d 939, 942-43 (7th Cir. 1972)

Defendants' Instruction No.   37

GIVEN:                 _____

REFUSED:               _____

WITHDRAWN:             _____

OBJECTION:             _____

---

[1]    Submitted subject to and without waiving any of defendants arguments made in their motions in limine.

**Plaintiff's Objection to Defendants' Instruction No. 37**

Defendants' instruction no. 37's first sentence is not objectionable. But the second sentence of the first paragraph is vague and confusing. "Independent" acts and "intervening or superceding" events are not defined and not particularly suitable to lay interpretation. Plaintiff's instruction no. 10 is preferred.

In addition, the second paragraph is legally incorrect. Whether or not an act that combines with the tortious behavior is illegal, if the result is foreseeable then a plaintiff may recover damages. Under *Herzog v. Village of Winnetka*, 309 F.3d 1041 (7th Cir. 2002) (cited by defendants), ordinary tort principles apply to constitutional torts. As an analogy, a police officer who permits a driver to drive while intoxicated may be liable for damages to a third person struck by the drunk driver, even though drunk driving is a crime.