IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAROLD HILL, | ) |
| Plaintiff, | ) |
| | ) Case No. 06 C 6772 |
| v. | ) |
| CITY OF CHICAGO, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is Defendants' motion in limine to bar the prior trial testimony of Dan Young, Jr., who is deceased, arguing that it is hearsay without an exception. *See* Fed.R.Evid. 804(b)(1). In the alternative, Defendants maintain that Young's prior testimony does not fall under the residual exception to hearsay under Rule 807.[1] For the following reasons, the Court, in its discretion, grants Defendants' motion in limine. *See Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002) ("judges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine").

**FACTUAL BACKGROUND**

Plaintiff Harold Hill brought this civil rights lawsuit against the City of Chicago, Chicago police officers, and a Cook County Assistant State's Attorney after his conviction for sexual

---

[1] In response to Defendant Officers' in limine motion to bar Young's testimony pursuant to Federal Rule of Evidence 404(b), Hill conceded that Defendant Officers' treatment of him does not constitute other bad acts – presumably because Chicago police detectives other than Officers Boudreau and Halloran conducted Young's investigation and interrogation. In response to the present motion, Hill maintains that Young's prior testimony is directly relevant to the claims at issue. *See United States v. Adams,* 628 F.3d 407, 414 (7th Cir. 2010) ("if the evidence is admitted as direct evidence of the charged offense, Rule 404(b) is not applicable").

assault and homicide was vacated based on post-conviction DNA evidence that excluded Hill from samples taken from the victim's fingernails. After the Court's ruling on summary judgment, the following claims against Defendant Officers Kenneth Boudreau and John Halloran remain: (1) Hill's Fifth Amendment coerced confession claim; (2) Hill's Section 1983 conspiracy claim based on his coerced confession claim; and (3) Hill's failure to intervene claim based on his coerced confession claim.

Hill's case arises out of the October 14, 1990 sexual assault and murder of Kathy Morgan. She was murdered and left in an abandoned building on West Garfield Boulevard in Chicago, Illinois. The building and Morgan's body were set on fire in an apparent attempt to hide the crime. On March 20, 1992, two Chicago police officers arrested Hill for possession of a stolen automobile and possession of a handgun, and then transported him to the Seventh District Police Station in Chicago. At the police station, Hill admitted to committing two armed robberies – one in Chicago and one in Oak Lawn, Illinois. During the follow-up investigation of the Chicago armed robbery, Hill participated in a line-up at the Area 3 Station at 39th Street and California Avenue on March 21, 1992. Defendant Officers Boudreau and Halloran participated in conducting the line-up and questioned Hill about other crimes. Approximately twenty-six hours after his arrest, Hill gave a court-reported statement implicating himself and two other men, Dan Young and Peter Williams, in the Morgan crimes. Hill contends that Defendant Officers Boudreau and Halloran, along with an Assistant State's Attorney, coerced his confession. Over the next few days, Chicago police detectives obtained written confessions from both Young and Williams.

Hill's criminal case commenced on March 22, 1992 with a probable cause to detain and

bond hearing in the Circuit Court of Cook County. On April 13, 1992, Hill was indicted for the murder and sexual assault of Morgan. In September 1994, Hill and his co-defendant Dan Young were tried simultaneously – but to separate juries – for Morgan's sexual assault and homicide. The State introduced Hill's confession as evidence against him during trial. In addition, both Hill and Young testified at trial maintaining their innocence and asserting that law enforcement coerced them into giving their confessions. In September 1994, the juries convicted Hill and Young for Morgan's sexual assault and homicide. Over a decade later, the results of DNA testing resulted in the trial court vacating Hill's and Young's convictions and the State dropping the charges against them. On April 27, 2006, a hit and run driver killed Young.

## LEGAL STANDARD

"Federal Rule of Evidence 804 ... permits hearsay testimony in certain circumstances if the declarant is unavailable to testify." *United States v. Jones,* 600 F.3d 847, 853 (7th Cir. 2010). More specifically, "Rule 804(b)(1) provides that certain out-of-court statements are not excluded by the hearsay rule if the declarant is 'unavailable as a witness,'" including '[t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.'" *McGowan,* 590 F.3d 446, 451 (7th Cir. 2009) (citation omitted); *see also United States v. Loggins,* 486 F.3d 977, 981 (7th Cir. 2007). "Federal Rule of Evidence 804(a) states that a person who "'is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity' is unavailable as a

witness." *McGowan,* 590 F.3d at 451 (citation omitted).

## ANALYSIS

**I.     Federal Rule of Evidence 804(b)(1)**

Here, there is no dispute that Young is unavailable to testify at the upcoming trial because he died in 2006. *See* Fed.R.Evid. 804(a)(4). Instead, Defendants argue that Young's prior testimony at his criminal trial is hearsay without an exception because the Cook County Assistant State's Attorney in Young's September 1994 criminal prosecution, who cross-examined Young at trial, is not the predecessor in interest to the present Defendant Officers. Put differently, Defendant Officers argue that the Assistant State's Attorney – representing the People of the State of Illinois – was not their predecessor in interest because the prosecutor did not have the same requisite stake in the criminal proceeding as Defendant Officers have in the present civil rights lawsuit. The Court agrees.

"Under Rule 804(b)(1), once a declarant has been deemed unavailable, his former testimony may be admitted into evidence, as long as the party against whom the testimony is admitted had an opportunity and a similar motive to develop the testimony." *United States v. Reed,* 227 F.3d 763, 767 (7th Cir. 2000); *see also United States v. Salerno,* 505 U.S. 321-22, 112 S.Ct. 2503, 120 L.Ed.2d 255 (1992) (same). The similar motive "requirement operates to screen out those statements, which although made under oath, were not subject to the scrutiny of a party interested in thoroughly testing its validity." *United States v. Pizarro,* 717 F.2d 336, 349 (7th Cir. 1983). "When considering whether this requirement has been met, courts look to the similarity of issues and the purpose for which testimony was given." *Reed,* 227 F.3d at 768. "Circumstances or factors which influence motive to develop testimony include '(1) the type of

4

proceeding in which the testimony is given, (2) trial strategy, (3) the potential penalties or financial stakes, and (4) the number of issues and parties.'" *United States v. Feldman*, 761 F.2d 380, 385 (7th Cir. 1985) (citation omitted).

Young's criminal trial testimony does not fulfill the second and third *Feldman* factors. First, Defendant Officers in this civil litigation were not parties to the criminal proceedings against Young. Instead, the Cook County State's Attorneys Office prosecuted Young at his criminal trial and "[i]t is well-settled that strategies for civil and criminal trials may differ greatly." *See id.* Indeed, prosecutors in criminal cases are not ordinary parties to a lawsuit, but represent the sovereign, in this case – the People of the State of Illinois. *See Robertson v. United States ex rel. Watson,* 130 S.Ct. 2184, 2188-89 (2010) (per curiam); *see also Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629 (1935) (the prosecutor "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done."). Thus, a prosecutor's motive in securing just result differs from a civil attorney's motive when representing a defendant in a civil rights lawsuit. To clarify, as then-United States District Court Judge David Hamilton articulated in a civil rights case against the Indianapolis Metropolitan Police Department:

> Prosecutors in criminal trials (as well as in depositions) usually have their hands full trying to protect the public and secure a just result in the criminal prosecution. Under [plaintiff's] theory here, those busy prosecutors would also need to think and act as surrogate defense counsel for future civil rights lawsuits against officers who are not their clients.

*Butler v. Indianapolis Metropolitan Police Dep't,* No. 07 C 1103, 2009 WL 2092416, at *2 (S.D.

5

Ind. July 13, 2009).

Second, the motive of a prosecutor to cross-examine a witness is different than the motive of a defendant in a later-filed civil rights lawsuit in relation to the potential penalties or financial stakes involved. *See id.* As Judge Hamilton explained:

> The police officer faces the prospect of personal liability, particularly for punitive damages, which may not be the subject of any indemnity agreement with the local government, as well as the prospect of harm to professional reputation that may result if a court or jury finds a violation of constitutional rights. The police officer has powerful financial and professional motives to pursue the reasons for the complaining witness's change of story and to attack the witness's credibility. The city has similar financial and reputational motives. Those differences between the prosecutor's and the police officer's and city's motives weigh heavily against using Rule 804(b)(1) to allow plaintiff ... to use in his civil trial the deposition of [his girlfriend] in the criminal prosecution.

*Butler,* 2009 WL 2092416, at *2

Judge Hamilton's opinion in *Butler* is persuasive and consistent with Seventh Circuit precedent. *See Reed,* 227 F.3d at 768; *Feldman,* 761 F.3d at 386. In *Feldman*, for example, the Seventh Circuit concluded that under the third criteria, namely, the "potential penalties or financial stakes," the motives for cross-examination were not similar in the criminal and civil cases at issue because in the criminal proceeding defendant's personal liberty was at stake. *See id*. at 386; *see also United States v. Sklena,* No. 09 CR 0302, 2011 WL 1755769, at *10 (N.D. Ill. May 9, 2011) (strategies and stakes generally not same in civil proceeding as in criminal proceeding) (citing *Feldman,* 761 F.2d at 385). Also in line with *Feldman* is Judge Hamilton's conclusion that a prosecutor's strategies vary significantly from a civil rights defendant's strategies. *See id.* at 385.

Because the Assistant State's Attorneys who prosecuted Young did not have a similar motive to develop Young's testimony as the Defendant Officers in the present matter, the Court

grants Defendant Officers' motion under Rule 804(b)(1).

## II.     Federal Rule of Evidence 807 – Residual Exception

In the alternative, Hill maintains that Young's prior trial testimony is admissible under the residual exception to hearsay pursuant to Federal Rule of Evidence 807.[2] Rule 807 states in relevant part:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed.R.Evid. 807.

Under the plain language of Rule 807, the Court's first question is whether Young's prior testimony is specifically covered by Rules 803 or 804. *See United States v. Dent,* 984 F.2d 1453, 1465-66 (7th Cir. 1993) (Easterbrook, J. and Bauer, C.J., concurring); *see also* 5 Weinstein's Federal Evidence § 807.02[1] (2d Ed. 2011) ("The residual hearsay exception was meant to be reserved for exceptional cases. It was not intended to confer a broad license on trial judges to admit hearsay statements that do not fall within one of the other exceptions contained in rules 803 and 804(b)." (internal quotations omitted)). As discussed above, Rule 804(b)(1) addresses former testimony from an individual who is now deceased, such as Young. Therefore, Young's testimony is specifically covered by Rule 804 and fails to meet the requirements of that rule. *See Schimpf v. Gerald, Inc.,* 52 F.Supp.2d 976, 984-85 (E.D. Wis. 1999). Nevertheless, for the sake

---

[2] Federal Rule of Evidence 807, added in 1997, is a combination of former Rules 803(24) and 804(b)(5). *See* 5 Weinstein's Federal Evidence § 807.02[2] (2d Ed. 2011).

7

of completeness, the Court will review Young's prior trial testimony under Rule 807.

The Seventh Circuit lends guidance to the Court's Rule 807 determination by setting forth five factors that must be satisfied before hearsay is admissible under Rule 807: "(1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) the interests of justice; and (5) notice." *Keri,* 458 F.3d at 631 (citation omitted); *see also United States v. Ochoa,* 229 F.3d 631, 638-39 (7th Cir. 2000) (same). Also, as Rule 807 explicitly states, the statement offered under Rule 807 must be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." *See* Fed.R.Evid. 807(C); *see, e.g., Akrabawi v. Carnes Co.,* 152 F.3d 688, 697 (7th Cir. 1998). Meanwhile, "[t]he Seventh Circuit has directed the courts to narrowly construe the residual exception to the hearsay rule" *see Keri v. Board of Trs. of Purdue Univ.,* 458 F.3d 620, 631 (7th Cir. 2006), explaining that "Congress 'intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances.'" *United States v. York,* 852 F.2d 221, 224 n.1 (7th Cir. 1988) (citation omitted).

Here, the fact that Hill's confession implicated Young in the Morgan murder and that the State later vacated Young's conviction is highly relevant and probative to whether Defendant Officers coerced Hill's confession, especially because Hill alleges that Defendant Officers created his confession by telling him what to say. *See United States v. Vallar,* 635 F.3d 271, 282 (7th Cir. 2011) ("A confession is voluntary if, in the totality of circumstances, it is the product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will.") (citation omitted). That being said, Young's prior trial testimony focused on the abuse he claims non-

8

defendant Chicago police officers inflicted on him. Young's testimony that Chicago police officers other than Defendant Officers beat him into confessing to the Morgan murder is not more probative on the point that Hill's confession implicated him and his conviction was later vacated. *See* Fed.R.Evid. 807(C); *Akrabawi,* 152 F.3d at 697. In fact, this testimony regarding the actions of non-defendant officers is not relevant to the issues before the Court.

Also, Young's prior testimony is highly prejudicial because it could lead the jury to decide this matter based on Young's interactions with non-defendant police officers and not on the conduct of Defendant Officers Boudreau and Halloran. *See United States v. Zahursky,* 580 F.3d 515, 525 (7th Cir. 2009) ("Evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.") (citation omitted). Young's former testimony also has the real danger of distracting the jury from the central issue in this lawsuit – whether Defendant Officers coerced Hill's confession to the Morgan crimes – not whether non-defendant officers coerced Young's confession. *See United States v. Alayeto,* 628 F.3d 917, 922 (7th Cir. 2010). Therefore, what little probative value Young's prior testimony might have is substantially outweighed by unfair prejudice and juror confusion. Therefore, the Court, in its discretion, grants Defendant Officers' motion because Hill has failed to fulfill Rule 807's requirements. *See United States v. Dumeisi,* 424 F.3d 566, 574 (7th Cir. 2005) ("Trial courts have a considerable measure of discretion in deciding when a hearsay statement fits the residual exception").

## CONCLUSION

For the reasons stated above, the Court grants Defendant Officers' motion to bar the prior testimony of Dan Young, Jr.

**DATED:** September 1, 2011

        **ENTERED**

        _____
        **AMY J. ST. EVE**
        **United States District Judge**